### THE STATE OF ALABAMA VS GREENWOOD.

*Touching objections to the summoning of a grand juror.*

*As to several pleas in criminal cases.*

1. This Court will take judicial notice, who are the Circuit Judges of this State; and a mis-pelling of the name of a Judge, in a transcript certified to this Court, will be regarded as a mere clerical error.

2. The question, as to whether a grand jury has been drawn, summoned and impanneled, according to law, can only be considered under a plea in abatement.

3. The certificate of the Clerk below, appended to a transcript in this Court, as to an indictment in a cause, which is subjoined, must be taken as true.

4. So, where papers in a cause are sent from one county to another, by a change of a venue, and afterwards removed into this Court,—it will be presumed from the Clerk's certificate, in the absence of any contest as to their verity, below, that the Clerk has transmitted the proper papers.

5. A defendant in a criminal case, cannot be compelled to select and rely upon one of several pleas, submitted by him.

6. While the statute of this State, authorising a party to file more pleas than one, does not include criminal cases,—yet the right thus to plead, exists at common law.

7. That an order of a Court below, transfering a case here, sets out, that the questions raised, are *novel and difficult to the counsel*,—will not authorise this Court to refuse jurisdiction.

Indictment for larceny.

In this case, the bill was found in Shelby county,

and on motion of the defendant, and for cause shewn by affidavit, the venue was changed to Talladega; where the defendant being convicted, brought his case up to this Court, on a reservation of novel and difficult points.

The record stated, that the defendant, Hugh B. Greenwood, in his own proper person, having heard the said indictment read, pleaded to it, in manner and form, following, to wit: And the said Hugh B. Greenwood, against whom the State hath exhibited her indictment, comes in his own proper person, and having heard said indictment read, saith, that he ought not to be charged in said indictment, because, he says, William Candon, who was foreman of the grand jury, by whom said indictment was found, was not summoned as one of the grand jurors of the grand jury, aforesaid, to appear at the present term of this Court, as a grand juror, and this he is ready to verify, by the return of the sheriff, made upon the *venire facias*: and so he says, that said grand jury, aforesaid, by whom said indictment was found, as aforesaid, was not a legally organized and constituted grand jury; wherefore, the said Hugh B. Greenwood, prays judgment of the said indictment, and that the same be quashed. And for a further plea in this behalf, the said Hugh B. Greenwood, by leave of the Court for this purpose, first had and obtained, comes in his own proper person, and having heard the said indictment read, says that he ought not to be charged on the said indictment, because he says, that the grand jurors of the grand jury, by whom the said indictment was found, were not summoned by the she-

riff of this county, to serve as grand jurors at the present term of this Court, at least thirty days before the sitting of this Court, and this he is ready to verify, by the return of the sheriff made upon the *venire facias*, and so, said Hugh B. Greenwood, says, that the said grand jury, was not a legally organized and constituted grand jury; wherefore he prays judgment of the said indictment, and that the same may be quashed. And for a further plea in this behalf, the said Hugh B. Greenword, by leave of the Court first had and obtained, comes, and the said indictment being read to him, he says, that he ought not to be charged upon said indictment, because, he says, that the grand jurors, of the grand jury, by whom the said indictment was found, were not selected by the clerk of this county, and the sheriff of this county, under the superintendence and inspection of the Judge of the County Court of this county, from the list of free-holders and house-holders, selected, according to the provisions of the first section of the act, entitled an act, for the better selecting, drawing and summoning jurors, passed, January fourteenth, eighteen hundred and thirty-six, and this he is ready to verify; and so the said Hugh B. Greenwood says, that the said jury, were not a legally organized and constituted grand jury, therefore he prays judgment of the said indictment, and that the same may be quashed. And for a further plea in this behalf, the said Hugh B. Greenwood, by leave of the Court here for that purpose, first had and obtained, comes in his own proper person, and having heard the said indictment read, says he ought not to be charged in said indictment,

because he says that the grand jurors of the grand jury, by whom the said indictment was found, were not selected by the clerk of this Court, and the sheriff of this county, under the superintendence and inspection of the Judge of the County Court, according to the provisions of the first section of the act, entitled an act to alter the mode of selecting grand jurors, approved, January the ninth, eighteen hundred and thirty-six, and this, the said Hugh B. Greenwood, is read to verify, and so he says, that the said grand jurors aforesaid, by whom the said indictment was found, was not a legally constituted grand jury; wherefore he prays judgment of the said indictment, and that the same may be quashed; which said third and fourth pleas above pleaded, were verified by the oath of said Hugh B. Greenwood, as true in substance and in fact, and by him subscribed and sworn to in open Court.

And upon the coming in of said pleas, the Attorney General, who prosecuted for the State, moved the said Court to put the defendant to his election, upon which seperate one of said pleas, he would rest his defence, and to strike out the remaining pleas, and the Court having heard and considered said motion, sustained the same, and ordered the said defendant to make his election of one seperate plea, accordingly. This the defendant refused to do, and further refused to offer any other plea, and stood mute; whereupon the Court ordered the clerk to enter the plea of not guilty, on his behalf, which was accordingly done. But inasmuch, as the question, whether a defendant in

a criminal prosecution is allowed to plead more than one plea in abatement, is considered by the Court novel and difficult, the same is reserved by the Conrt, for the final determination and decision of the Supreme Court.

And then the defendant made oath, that he did not not believe he could have a fair and impartial trial in the county of Shelby, for reasons set forth in his affidavit, and among others, that the prosecutor was a man of great influence in said county, who had used efforts to prejudice the minds of the community against him, and that he and his friends, by their efforts, had produced a belief in the minds of many, that defendant was guilty,—defendant prayed that the trial and venue of this prosecution, might be changed to some adjoining county, free from like exceptions, and the Court then heard and considered the application of said defendant, for change of venue, and ordered, that the venue should be changed in the prosecution from the county of Shelby to the county of Talladega: and it was further ordered, that the clerk should make out a transcript of all entries in the case, relating to the prosecution in this Court, and subjoin the same to the original papers in the prosecution, and send the whole, enclosed under seal, by some discreet person, to the clerk of the Circuit Court of Talladega county: and then the defendant and his sureties and witnesses, all came and were recognized in open Court, to be and appear at the Circuit Court of Talladega county, to be holden for the county of Talladega, on the fourth Monday, after the fourth Monday in March, in the year eighteen

hundred and thirty-seven, and to continue there from day to day, and from term to term, until discharged by due course of law; and so also, were all the witnesses on the part of the State.

And then, to wit, at the Spring term of the Circuit Court of Talladega county, came the prosecutor and the defendant, who in his own proper person, for a plea, said he was not guilty, and thereupon came a jury of good and lawful men, who being impanneled, sworn and charged, well and truly to try the traverse, between the state and the defendant, upon their oaths aforesaid, said they found him guilty, in manner and form as charged, in the indictment; and the defendant, on Saturday of the first week of the term of said Court, was brought into open Court, and asked by the Court if he had any thing to say, why the judgment of the Court, on said conviction, should not be pronounced upon him; and he moved to arrest the judgment of the Court, for the following reasons, to wit:

1. That it appeared by the record, that the Court in which the indictment was said to be found, was not held by one of the Judges of the Circuit Court of this State.

2. That it did not appear by the record that the grand jury, by whom the said indictment was found, was selected and impanneled, according to law.

3. That it did not appear by the record, that the indictment had been returned by the grand jury, into the Court at which said indictment is said to have been found: nor does it appear, by the record whether the grand jury, returned the said indict-

ment, a true bill, or not a true bill; nor that the indictment npon which said conviction was had, was the same, upon which the venue had been charged.

And the said motion being heard, was overruled, and so the judgment was not arrested, but entered, and sentence awarded.

And the case was brought to the present term, of this Court, on the grounds taken in the motion below, in arrest of judgment.

*Peck*, for the plaintiff in error.
*Attorney General*, contra.

ORMOND, J.—The facts of this case are, that an indictment was found at the Circuit Court of Shelby county, against the defendant for horse stealing. The defendant, on being arraigned, pleaded four several pleas in abatement. The Court on motion of the Attorney General, put the prisoner to his election, on which one of the pleas he would rely, and to abandon the rest; which election he refused to make: whereupon the Court directed the pleas to be stricken out, and on refusal of the prisoner to plead further, caused the plea of not guilty to be entered for him. The matters of law arising thereon, were reserved for the revision of this Court, as novel and difficult. The cause was then removed by change of venue, to Talladega county, where the prisoner was tried and convicted, and moved in arrest of judgment, for the following reasons:

1. That it appeared from the record, that the

Court in which the indictment was said to be found, was not held by one of the Judges of the Circuit Court of this State.

2. That it did not appear by the record, that the grand jury, by whom the said indictment was found, was selected and impanneled according to law.

3. That it did not appear by the record, that the indictment had been returned by the grand jury, into the Court at which said indictment is said to have been found, nor does it appear by the record, whether the grand jury returned the said indictment a true bill, or not a true bill: nor that the indictment upon which said conviction was had, was the same upon which the venue had been changed.

Which motion in arrest of judgment, was overruled by the Court, but reserved for the decision of the Supreme Court, as novel and difficult.— These matters are all relied on in this Court as error, and will be severally considered.

The first cause for the arrest of the judgment, is a mere clerical error of the clerk of Shelby Circuit Court. In making out the transcript in pursuance to the rule of the Supreme Court, he states, that "the Circuit Court of said county, met agreeable to law. Present, the Honorable *Pholemy T. Harris*, one of the Judges of the Circuit Court," &c. It is impossible for this Court, to shut its eyes to the fact, that this is a mere clerical error of the clerk, in spelling the name of the Judge. It would be trifling with the gravity of judicial proceedings to suffer such an objection to prevail. It is compared to the case of a plea of misnomer, but it

5 P. 61

bears no analogy to such a case.    This Court must take judicial notice that Ptolemy T. Harris, is one of the Circuit Judges of the State, and will intend that this is a mere clerical error.

The answer to the second cause assigned is, that it appears from the transcript of the record, sent from Shelby county, that the grand jury were drawn, summoned and impanneled, according to law, and if the objection here raised can be made, it can only be by plea in abatement.

The objections raised by the third cause assigned, rest upon the supposition, that the indictment should have been copied upon the records of Shelby Circuit Court.

All the papers relating to the cause, including the indictment, were *in fieri*, when the order for change of venue was made; and as it did not become a record until after enrolment, the objection could as well be made in the Court where the indictment was found, as elsewhere.    The papers, are by law, entrusted to the custody of the clerk, and the certificate which he has made in this cause, that the indictment has been subjoined to the transcript, imports as absolute verity, as would his production of it, on trial in the Court where it was found.    In either case, were it not the true indictment, the matter might be disputed in a proper mode.

By the same process of reasoning, we attain the conclusion, that the indictment thus subjoined by the clerk, in accordance to the rule of the Supreme Court, was the one on which the venue was changed; that it is the same which was returned to the Circuit Court of Shelby county, by the grand

jury, and that they found it a true bill. Nearly all these principles were determined by this Court, in the case of *Collier vs the State.* (2 Stewart, 388.) There was no error in refusing to arrest the judgment.

But in compelling the prisoner, to elect on which one of his pleas in abatement he would rely, and in compelling him to abandon the rest, the Court erred. The act of the legislature, in allowing more pleas than one to be filed, does not extend to criminal cases. But the right thus to plead, exists at common law. In 1 Chitty's Criminal Law, 434, this is denied; but he cites no adjudged case in support of his opinion, whilst the contrary doctrine is held by *Hawkins*, a much higher author on criminal law, supported by high authority. This seems then to be the better law, and we do not feel warranted in depriving the prisoner of any defence secured to him by the common law, and not repealed by statute.—[2 Hawkins 66, and authorities there referred to.]

It is insisted by the Attorney General, that as the order of the Court, referring this case, set out, that the questions were novel and difficult, to the counsel for the prisoner, this Court cannot take jurisdiction. But as it would be improper for the Judge, to send up the case as one of novelty and difficulty, unless he esteemed it so, we must understand him, as endorsing the opinion of counsel, and thus making it his own.

Upon the sufficiency of the plea, as that question is not presented, we express no opinion.

The judgment must be reversed, and the cause remanded.