## The State v. Allen.

1. Oral evidence is not admissible to contradict a record, nor to impugn the certificate of those officers to whom the trust is confided by the act of 9th January, 1836, of selecting grand jurors.

2. The proper judgment when a plea in abatement to an indictment for a misdemeanor, is overruled on demurrer, is that the defendant answer over to the indictment.

3. When an issue of fact is found in favor of the State, on a plea in abatement, *and no judgment of respondeas ouster has been awarded in the same case or demurrer to other pleas*, it is proper for the jury to determine the fine or other punishment in those cases where the discretion is confided to them by law; in all other cases, the court renders final judgment on the return of the verdict.

4. But if judgment of *respondeas ouster* has been awarded or demurrers sustained to pleas in abatement, without any judgment to answer over, and issues of fact on other pleas in abatement are determined in favor of the State, the defendant, notwithstanding such finding, has a right to plead in bar of the indictment.

A reference of questions as novel and difficult from the Circuit Court of Walker County.

INDICTMENT for playing at cards in a public place. Several pleas in abatement were pleaded by the defendant, of which two only are necessary to be examined, the others not being within the reference to the Supreme Court. These pleas are nearly the same, and allege that the grand jurors, by whom the indictment was found, were not selected by the clerk of the court and the sheriff of the county under the superintendence and inspection of the judge of the county court, from the list of freeholders and householders of Walker county, as required by the act of 9th January, 1836.

Issues of fact were joined on these pleas, and the others were demurred to. The demurrers were sustained, but no judgment of *respondeas ouster* was given. At the trial of the issues of fact, the defendant offered oral evidence to sustain his pleas, but the circuit court refused to admit it, and the issues were found

against the defendant who then asked leave to plead not guilty to the indictment; this was refused and the jury then assessed a fine against the defendant. The circuit court referred two questions, as novel and difficult.

1. Whether oral evidence can be allowed to prove an irregularity in the summoning, selecting and impanneling of the grand jury, when the record of the court at which this was done, shows or states the same to have been done in a regular manner ?

2. Whether the plea of not guilty, should be allowed to be pleaded to an indictment, for a misdemeanor, after a plea, or pleas in abatement ?

STRODE, (with whom was LIGON) for the defendant, made the following points:

1. Oral evidence should be admitted, otherwise the defendant would be remediless. [Aikin's Digest 296; The State v. Williams, 5 Porter, 130; The State v. Middleton, Ibid. 484; The State v. Greenwood, Ibid. 474; The People v. McKay, 18 John. 212; acts of 1836, p. 31.]

2. The plea of not guilty ought to have been allowed. [Aik. Digest 276; Rex v. Johnson, 6 East, 583; Earl of Devon, case 11 State Trials 133; 4 Black. Commen. 334; 1 Chit. C. L. 442; Aikin's Digest 277, S. 108; 4 Term Rep. 459.]

The Attorney General, contra.

GOLDTHWAITE, J.—Neither of the questions referred by the circuit court involves the correctness of the pleas, and the only inquiry with respect to them is, whether oral evidence was proper to show an irregularity in the manner of selecting the grand jurors, when the record of their proceedings showed their regularity. Such, we understand to be the first question referred, and as such, we will proceed to consider it, discarding from our view whatever is contained in the reference, about the summoning and impanneling the grand jury, as no question as to these matters seems to arise from the facts stated.

The proceedings which are had, when a jury is drawn under the provisions of the act of January, 1836, are entirely of a judicial character. Instead of selecting the jurors by lot as pre-

viously required by law, the clerk of the circuit court and she-riff, under the superintendence and inspection of the judge of the county court, are required to select from the whole number of persons qualified to serve on juries, twenty-four persons, but qualified in their opinion, to serve on the grand jury, which persons thus selected, are to be summoned by the sheriff, at least, thirty days before the sitting of the court. No mode is ascertained by this statute, by which the selection is to be made, nor is any direction given as to the manner in which the action of the officers named, in the performance of the trust, confided to them, shall be made known to the circuit court, but it results from the character of the trust confided to them, that their certificate shall be conclusive, if it states the performance of the duty assigned to them. The laws of the State confide the selection of jurors to their officers, and no other check is imposed on their discretion, than to select from the whole number of qualified persons. If disqualified individuals are selected, the person indicted has the privilege to ascertain the disqualification on a proper issue; but he can, no more, be permitted to impeach the certificate of those officers, of the performance of their duties, than he would be allowed to allege, that a grand juror was not sworn, when the fact of the oath having been administered, was shown by the record. We presume that the certificate of these officers is the record, which the circuit court has reference to, and in our opinion, this can no more be contradicted than any other record. We do not wish to be understood as deciding that a certificate is essential to be made by the officers named in the act of 1839, (though this certainly would be the most correct course to be pursued) but, only that when a certificate is made, its statements cannot be contradicted by oral evidence. The answer to the first question referred is, that oral evidence cannot be allowed to show an irregularity in the selection of the grand jurors, when the record of the court or the certificate of the officers to whom that trust is confided, shows the same was regularly made.

The other question is, as to the right of the defendant to plead not guilty to the indictment, after a plea in abatement?

The order of reference is very general, but we ascertain from the record that demurrers were sustained to two pleas of this description, as well as the determination of the issues of fact submitted to the jury on the other pleas.

2. 3. The same rule obtains with respect to pleas in abatement to individuals for misdemeanors, which applies to like pleas in civil cases. If a demurrer is sustained, the judgment is not final, but is, that the defendant shall answer over; if the plea is falsely pleaded, and the issue is found against the defendant, the jury ascertain the damages in a civil suit, and assess the fine or determine the punishment in an indictment for a misdemeanor, if these, by law, are left discretionary with the jury; if otherwise, on the return of the verdict, the court pronounces the sentence. (The King v. Gibson, 8 East, 107; King v. Johnson, 6 East, 583.)

4. The right of the defendant to plead over, after some of his pleas in abatement were annulled, could not be destroyed, because he pleaded other pleas, which he was unable to support by proof. It is true that this conclusion will very much impair the salutary effect which was produced by the certainty, under the English practice, of a conviction, where a false plea of the description was pleaded; but it results from the right to plead more pleas than one, which is allowed in this State, in criminal, as well as civil suits.

We have before observed that this question is very general, but it is sufficiently explained by the statement of facts which accompanies the reference; and the answer, will therefore apply to the question in connection with the facts of the case. When a demurrer is sustained to a plea in abatement, to an indictment for a misdemeanor, the judgment should be, that the defendant answer over to the indictment. If a plea in abatement is pleaded, and issue is joined to the country, and found against the defendant, the jury or court, as the case may warrant, should assess the fine or punishment, unless on other pleas of the same kind the defendant is entitled to answer over in consequence of their being overruled on demurrer; in which event an issue must be formed on the indictment.

The judgment of the Circuit Court is reversed, and the case remanded with instructions to award a judgment of *respondeas ouster* on the demurrer, and to permit the defendant to plead in bar of the defendant.