Thomas Appellant, v. The State, Appellee.

AUGUST TERM.
1840.

1. Where a demurrer to an indictment is over ruled, and the defendant refuses or neglects to plead further, the court should direct the plea of not guilty to be entered.

2. It is not necessary for the circuit attorney to subscribe his name to the indictment.

Thomas
v.
The State.

Appeal from Carroll circuit court.

*Davis counsel for Appellant.*

1st. The indictment is not signed by the prosecuting attorney or any one for him.

2nd. The indictment does not sufficiently describe the offence.

3rd. The court entered judgment for the fine without finding the defendant guilty of the charge.

1st point. See Rev. Statutes Mo., page 89, sec. 4, title "attornies at law," also title "practice at law," page 458, sec. 6. 1st Chitty crim. law 335, side page.

2nd point. See statute 209, sec. 30, crimes and punishments.

3rd point. See statute p. 485, sec. 4, title "practice and proceedings in criminal cases."

*Opinion of the court by Tompkins Judge.*

The plaintiff in error was indicted for horse racing. The defendant demurred to the indictment; the circuit court over ruled the demurrer, and then assessed the defendants' fine to ten dollars.

The indictment charges the offence in the words of the statute, and comment is useless.

But the statute directs that, in all cases where the defendant does not confess the indictment to be true, a plea of not guilty shall be entered, and the same proceedings shall be had as if the defendant had formally pleaded not guilty to such indictment.

Where a demurrer to an indictment is over ruled, & the defendant refuses or neglects to plead further, the court should direct the plea of not guilty to be entered.

The law never contemplated that a man charged criminally, means to confess the indictment to be true when he demurs: even in civil cases the defendant who has a demurrer decided against him, is allowed to withdraw his demurrer and plead. A jury then should have been empannelled to find whether the defendant was or was not guilty.

AUGUST TERM 1840.

Thomas
v.
The State.

It is not necessary for the circuit attorney to subscribe his name to the indictment.

It was also charged as a defect in the indictment, that it was not subscribed by the circuit attorney; and reference is made to the 6th section of the 3rd article of the act to regulate practice at law, page 458 of the digest of 1835.— This section directs that declarations and other pleadings shall be signed by the party or his attorney.

This act purports to regulate the practice in civil cases only; and there is another act to regulate the practice in criminal cases.

I am not aware of any provision in that act requiring the circuit attorney to subscribe his name to indictments.

The judgment of the circuit court is reversed, and the cause will be remanded to be proceeded in conformably to this opinion.