## GARRETT v. RHEA, Adm'r.

1. When the sheriff, under the act of 1828, returns the copy of an execution, with the levy returned on the original, his certificate is proof of all the facts, precisely as his return upon an original execution.
2. When, in such a case, the venue is changed, the copy so made by the sheriff, may be certified by the clerk, and will have the same effect as in the county from which the venue was changed.   If other papers are alledged to be substituted, it devolves on the party making the objection to establish it.
3. Inferior cumulative evidence to the same point, is no reason for reversing a judgment, though improperly admitted.

Error to the Circuit Court of St. Clair.

TRIAL of the right of property. An execution issued from the County Court of Cherokee, in favor of William Holloway, administrator of Charles Holloway, against Warren Washington, and came to the hands of the sheriff of Benton, by whom it was levied on a slave, and a claim interposed by plaintiff in error. The sheriff returned the original execution to the Court from which it issued, and returned a copy to the Circuit Court of Benton, upon which he indorsed the levy, &c., with a certificate, as follows: "I, Robert S. Porter, sheriff of Benton county, do hereby return this execution to the County Court of Cherokee county, with this my indorsement on the same; and the bond given and affidavit made in this behalf, for the purpose of the trial of the right of property, I have returned to the Circuit Court of Benton county, to be holden on the 4th Monday after the 4th Monday in September next, all of which I certify, this the 12th day of July, 1844. R. S. PORTER,
Sheriff of Benton county.

I, Robert S. Porter, sheriff of Benton county, do hereby certify, that the foregoing pages attached, and on this sheet, is a correct copy of the original execution issued out of the office of the clerk of the County Court of Cherokee, on the 1st day of July, 1844, in favor of William Holloway, administrator, &c., of Charles Holloway, deceased, against Warren Washington, for the sum mentioned in said copy. Also, I do certify, that the foregoing return, made by me, on said original execution, returned to office, is correctly set out and copied—all of which I do certify. Given under my hand and seal, this 12th day of July, A. D. 1844. R. S. PORTER,
Sheriff of Benton county, Ala.

The venue was changed to St. Clair county. Upon the trial in that court, the claimant objected to the reading of the copy of the execution, because it did not appear by the certificate of the clerk of Benton Circuit Court, that a copy of the original execution had been filed in his office—nor whether it was the copy of the original, as filed by the sheriff of Benton county—or whether it was a transcript of the record of the Circuit Court of Benton. The objection was overruled, and the papers read to the jury.

The plaintiff then read the statement of a witness, agreed

to be received as evidence, that the sheriff of Benton received from the County Court of Cherokee, an execution, of which the one attached is a correct copy. That he levied the execution on a negro boy, named Tom, then in the possession of Warren Washington, and worth about $300, and that the return on the execution was correct. To the reading of this, the plaintiff objected, as not legal evidence of what it purported to prove, but the court permitted it to go to the jury for what it was worth, to which the claimant excepted and moved the court to charge the jury, that the testimony did not authorize them in finding a verdict for the plaintiff in execution, which was refused by the court, and claimant excepted.

Judgment for plaintiff, and property condemned.

Previous to the trial, Lewis Rhea, administrator *de bonis non* of Charles Holloway, was made a party to the suit, and the judgment rendered in his favor.

These matters are assigned as error.

T. D. CLARKE and RICE, for plaintiff in error, insisted, that there was nothing to show that the supposed copy was ever returned to the clerk's office of the Circuit Court of Benton, or that it was ever in the office. The clerk's certificate does not show that this was a part of the record of the cause.

The agreed statement should have been excluded; it was not the best evidence of the fact.

A. J. WALKER, contra.

ORMOND, J.—The 2d section of the act of 1828, Clay's Dig. 213, § 63, provides, that when property was levied on by virtue of an execution from another county, and a claim interposed to try the right, that the sheriff shall return the original to the county whence it came, with his return thereon, and make out a copy of the same, and his return thereon, and return the copy to the court of the county in which the levy was made; "and the copy of such execution shall be sufficient for the court to proceed on, and try the right of the property levied on."

This the sheriff has done in this case, in strict conformity

with the law. The copy, when thus returned by the sheriff, has the same effect as the original would have, in other cases, and his certificate is proof of all the facts contained in the copy so returned, precisely as in the case of an original execution.

The fact that the venue was changed creates no difficulty. The copy there has the same effect as in the county from which it came. As it required no proof there to verify it, neither did it in St. Clair. By the change of venue, the clerk was required to send the original papers in the cause, and a transcript of the minutes and orders. He certifies that he has done so in this case, and this, with the other papers, was sent up. This is sufficient, *prima facie*. If other papers are alledged to have been substituted, it devolves on the party making the objection to establish it. This precise objection was made and answered in the State v. Greenwood, 5 Porter, 482.

The statement introduced by consent, if not legal evidence, did not work any prejudice, as the same facts were established by the return of the sheriff, except the value of the slave levied on.

The judgment in favor of the administrator *de bonis non*, is authorized by the statute, Clay's Dig. 227, § 30. Let the judgment be affirmed.