## UNDERWOOD vs. THE STATE.

1. To support an indictment under section 3108 of the Code, the accusation must be the moving cause of the assault; if the assault was committed upon the provocation that the person assaulted had whipped the defendant's son, the defendant would be guilty of an assault and battery, but not of the statutory offence.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. ALEX. B. CLITHERALL.

THE indictment in this case was found at the Fall term, 1853, of the Circuit Court of Sumter, and charged " that, before the finding of this indictment, William Earbee and Ira J. Underwood did abuse, whip, or beat John N. Strait, upon an accusation that he had been guilty of beating Harry Earbee." The bill of exceptions states, that " the State proved

facts tending to show that the defendant and William Earbee met the prosecutor, Strait, on the day mentioned in the indictment, in the public road, a few miles from Livingston ; that Earbee, when they met, accosted Strait, and asked him if he was the man that beat Harry Earbee ; that Strait said, he was ; that defendant, about the same time, spoke very abusively to Stait, and told him he had threatened to waylay and kill him ; that Earbee then told Underwood to strike Strait, which he did, with a large stick, two or three times, inflicting severe injury upon his arm ; Strait dodging and trying to get out of the way, and Underwood following him up ; that Earbee had, all this time, a double-barreled gun in his hands, pointing in the direction of Strait ; that while this was going on, a third person came up and begged Underwood to desist, but Earbee pointed the gun towards him, and told him threateningly not to interfere. Harry Earbee was shown to be a minor son of William Earbee ; and there was evidence tending to show a pre-concert between Earbee and Underwood to make this attack on Strait. The court instructed the jury, that, " if they believed that this attack was made on Strait, and he was beaten as above stated, and that this was by pre-concert between Earbee and the defendant, then they might find the defendant guilty under section 3108 of the Code ; to which charge the defendant excepted," and which he now assigns for error.

T. REAVIS, for the appellant.

M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—The section of the Code on which the indictment was framed, reads thus : "All persons, to the number of two or more, who abuse, whip or beat any person, upon any accusation, real or pretended, or to force such person to confess himself guilty of any offence," &c.—Code, § 3108. To make out the offence contemplated by the first part of this section, it is essential that the accusation should be the moving cause of the abuse or violence. The term " accusation" must not be confounded with the act on which it is based. It means something distinct from, and independent of it. If two persons were to bring a charge against a third, and beat

him upon provocation of the act complained of, that is very different from inflicting the same violence upon him, not from the provocation of the act itself, but because they believed him guilty of the accusation brought against him, for the commission of it. The one is simply an act of private vengeance, while the other implies, to some extent, the usurpation of legal authority—to try and punish upon a charge—what is commonly called lynching.

In the present case, if the violence used towards the prosecutor was upon the provocation that the son of one of the parties had been whipped by him, the defendant would have been guilty of an assault and battery, but not of the statutory offence ; while, on the other hand, if the accusation was the cause, then a conviction on the indictment would have been proper. The charge of the court was erroneous, for the reason that it did not observe the distinction we have noticed.

Judgment reversed, and cause remanded.