## McCuen vs. The State, (No. 1.)

The act of 16th January, 1855, to regulate the sale of spirituous liquors in the counties of Phillips, etc.—extending to all persons within the territorial limits described therein—is a public and not a private act.

In an indictment for selling spirituous liquors contrary to law, it is unnecessary to aver the names of the persons to whom the spirits were sold.

Where the defendant demurs to an indictment for a misdemeanor, the Court may, in its discretion, upon overruling the demurrer, allow the defendant to plead over; or it may treat the demurrer as a confession of the facts charged, and render final judgment against the defendant.

The statute—*sec.* 123, *chap.* 5, *Dig.*, construed as regulating the practice where the prisoner stands mute or refuses to plead, and not where he demurs to the indictment.

*Appeal from the Circuit Court of Phillips County.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

ALEXANDER, for the appellant.

In criminal cases, on overruling a demurrer to a bill of indictment, it is error for the Court to render final judgment

against the accused. *Arch. Cr. Pl. and Ev.* 116; *Wilson vs.. State,* 16 *Ark. R.* 601. The judgment should have been *respon-- deat ouster,* on overruling the demurrer in this case. 4 *Texas Rep.* 242; *State vs. Allen,* 1 *Ala.* 442.

Private acts should be specially pleaded. 1 *Kent's Com.* 589. For definitions of public and private acts, see 1 *Kent's Com.* 506 et seq.

Mr. Attorney General Johnson for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.. Indictment for retailing, charging:

" That James McCuen, late of, etc., on the 4th day of November, A. D., 1856, in the county of Phillips aforesaid, unlawfully did retail ardent spirits, by quantities less than one quart, to divers persons, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Arkansas."

The defendant moved to quash the indictment, and the Court overruled the motion.

He then filed a demurrer to the indictment, on the following grounds:

1. The indictment is founded on a private act, and the act is: not specially pleaded.

2. The indictment does not show upon its face any offence against the laws of the State.

3. It does not aver the names of the persons to whom the ardent spirits were sold, etc.

The Court overruled the demurrer, and rendered final judgment against the defendant, assessing his fine at $50.

The defendant moved for a new trial, and in arrest of judgment; which motions were overruled, and he appealed.

The indictment is upon the act of 16th January, 1855, to regulate the sale of spirituous liquors in the counties of Phillips and Ouachita, etc. See *Acts of* 1854–5, *p.* 148. The act is a public, and not a private one. It is not necessary, in order to consti-

tute a statute a public act, that it should be equally applicable to all parts of the State. It is sufficient if it extends to all persons doing, or omitting to do an act within the territorial limits described in the statute. *Smith's Commentaries on Statute and Constitutional Law, p. 917. sec. 802; Pierce vs. Kimball, 9 Greenlf. R. 54; Burnham vs. Webster, 5 Mass. R. 268.*

It was not necessary to aver the names of the persons to whom the spirits were sold. *Parnell vs. The State, 16 Ark. 506; State vs. Cadle, 19 Ark.*

By the common law, the judgment of the Court, upon demurrer to an indictment for felony, is *respondeat ouster*; but if the defendant demur to an indictment for a misdemeanor, and fail on the argument, he shall not have judgment to answer over, but the decision will operate as a conviction—the judgment is final. *8 East 112; Haw. b. 2 c. 31; 1 Chitty Cr. L. 441; Wharton Cr. L. 186, (2d. Ed.)*

The current of decisions in this country is that on overruling a demurrer to an indictment for misdemeanor, the Court may, in its discretion, permit the defendant to plead over, but he cannot claim it as a matter of right. *The People vs. Taylor, 3 Denio 98; Evans vs. Commonwealth, 3 Metcalf. 453; Burnett vs. The State, 2 Yerger 472; State vs. Shaw et al., 8 Humph. R. 32; State vs. Wilkins, 17 Vermont 152; Wickwire vs. The State, 19 Conn. 477.*

The sufficiency of the indictment may be tested by motion to quash, or in arrest of judgment, as well as by demurrer. If the defendant, therefere, elects to demur, he has no reason to complain if the Court, upon finding the indictment to be sufficient, treats the demurrer as a confession of the facts charged, and renders final judgment against him.

The Supreme Court of Missouri has decided that the judgment must be *respondeat ouster. Thomas vs. The State, 6 Mo. 457; Ross vs. State, 9 Ib. 687.* But these decisions are based upon a statute of that State.

Our statute, *sec.* 123, *chap.* 52, *Dig. p.* 406, contains a clause similar to the statute of Missouri referred to, but it was designed

OF THE STATE OF ARKANSAS. **633**

to regulate the practice where the prisoner *stands mute*, or refuses to plead to the indictment, and has not been understood to change the common law rule on the subject of demurrers. See *Wilson vs. The State*, 16 *Ark*. 605.

By the common law, in misdemeanors, where the defendant pleads matter in abatement, and upon an issue to the plea, the finding is against him, he is not allowed to plead over, but the judgment is final; and this Court has held that such is the correct practice here. *Guess vs. The State*, 1 *Eng. R.* 147.

The demurrer to the indictment being treated as a confession of the facts charged, there was no necessity for a jury. There was no issue of fact for a jury to try. *Wilson vs. The State, ubi sup*. The appellant was certainly not prejudiced by the Court assessing the amount of the fine, because the Court put the fine at the lowest sum authorized by the statute. A jury could not have made it less, and might have increased the amount.

The judgment is affirmed.

Absent, Mr. Justice HANLY.