## BUZZARD vs. THE STATE.

A plea in abatement to an indictment for betting at cards: alleging that the defendant had been called before the grand jury, and had given testimony as to the identical game for which he was indicted; but not alleging that the indictment against him was found upon the testimony then given by him; *Held*, radically defective, on demurrer.

Upon sustaining a demurrer to a plea in abatement of an indictment for a misdemeanor, the judgment should be, that the defendant answer over: and if he declines to plead over, the Court should direct the plea of not guilty to be entered for him.

*Appeal from Lafayette Circuit Court.*

Hon. LEN. B. GREEN, Circuit Judge.

GARLAND & RANDOLPH, for the appellant, argued that the defendant could not be indicted for the offence charged, because in his examination before the grand jury, he had given evidence by which they were enabled to procure testimony against himself; and contended that upon sustaining the demurrer to the plea, the Court could not assess the fine. *Guess vs. State,* 1 *Eng.* 147; *Rex vs. Johnson,* 6 *East* 583.

HOLLOWELL, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At the November term, 1857, of the Lafayette Circuit Court, Buzzard was indicted for betting at cards. He interposed two pleas in abatement, in substance, as follows:

1. "That at the November term of this Honorable Court, A. D. 1857, and while the grand jury, by whom said indictment was found, at etc., was in session, he, the said defendant, was

called before said grand jury, and sworn, and did then and there testify and give evidence before said grand jury by whom said bill of indictment was found, as to the identical game and betting of money thereon, for which this defendant now stands indicted, at etc.   And this he is ready to verify, wherefore he prays judgment," etc.

2.  " That at the November term of this Honorable Court, A. D. 1857, the said defendant was summoned, called and sworn to testify and give evidence before the said grand jury then in session, by whom said indictment was found, at, etc., and did then and there, on his oath aforesaid, give testimony in regard to the identical game, and the betting of money thereon, at, etc., for and in which said defendant now stands indicted, under the information and belief that no indictment could be found against him for that particular game, and so the said defendant says that in giving evidence before the said grand jury as aforesaid, at, etc., he did then and there commit himself, and this the said defendant is ready to verify: wherefore he prays judgment," etc.

The State demurred to the pleas, and the Court sustained the demurrer, and the defendant saying nothing further in defence of the indictment, the Court adjudged that he be fined $10, with costs, and rendered final judgment accordingly.

The defendant appealed to this Court.

The statute provides that: In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to said crime or misdemeanor, but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offence.   *Gould's Dig.*, *ch.* 52, *sec.* 74, *p.* 403.

This statute was held to be constitutional, and its scope and effect declared, in *The State vs. Quarles*, 13 *Ark.* 311.

Although Buzzard may have been called before the grand jury and required to testify as to the part taken by another person in the game of cards referred to in this indictment, this

did not exempt him from being indicted for his participation in the same crime; but the testimony, so given by him, could not legally be used against him, either in finding the indictment, or upon his trial for the offence. *State vs. Quarles, ubi sup.*

Neither of the pleas in abatement alleges that the indictment in this case was found upon the testimony given by Buzzard before the grand jury, and on this account the pleas were radically defective.

But upon sustaining the demurrer to the pleas in abatement, the judgment should have been that the defendant answer over, etc. *Barge vs. Commonwealth,* 3 *Pen. R.* 262; *Foster vs. Commonwealth,* 8 *Serg. & R.* 77; *The State vs. Allen,* 1 *Ala.* 445; 1 *Waterman's Archbold Cr. L., p.* 116, *note;* 6 *East* 602. If the defendant decline to plead over, the Court will direct the plea of not guilty to be entered for him, and that the cause proceed to trial. *Gould's Dig., ch.* 52, *sec.* 125.

The rule above announced is not in conflict with the decisions of this Court in *Guess vs. The State,* 1 *Eng. R.* 147, and *McCuen vs. State,* 19 *Ark.* 630.

The judgment is reversed, and the cause remanded for further proceedings.

Absent, Mr. Justice RECTOR.