# Ward *v.* The State.

### *Carrying Concealed Weapon.*

(Decided April 9, 1912. 58 South. 788.)

1. *Carrying Concealed Weapon; Evidence.*—Although the defendant was on trial under the provisions of Acts 1909, p. 258, and denied that he carried the pistol concealed on his person at the time and place as charged by the State, yet he could show that shortly before that time, a third person had threatened to shoot him, and had offered another $100 to whip him, as it was within the province of the jury to disbelieve his denial, and thus render relevant the evidence in justification or mitigation.

2. *Trial; Evidence; Province of Court and Jury.*—The relevancy of evidence is for the court while its credibility is for the jury.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

George Ward was convicted of carrying a concealed pistol, and he appeals. Reversed and remanded.

WEBB & McALPINE, for appellant. Counsel discuss the assignments of error relative to evidence, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—Section 1 of an act, entitled "An act to regulate the right to carry a pistol in this state" (Acts Special Session 1909, p. 258), provides that it shall be unlawful for any person to carry a pistol

concealed about his person. Section 2 of the act provides that it shall be unlawful for any person to carry a pistol about his person on premises not his own or under his control, and excepts certain officers from the provisions of said section 2. Section 3 of the act provides that any person violating the provisions of the act must, on conviction, be fined not less than $50, and that he may be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months. Section 4 of the act provides that the defendant may give evidence that at the time of carrying the pistol he had good reason to apprehend an attack, which evidence the jury may consider in mitigation of the fine or justification of the offense.

The defendant was indicted for carrying a pistol concealed about his person or on premises not his own or under his control in Baldwin county, Ala. The bill of exceptions recites that the evidence tended to show that the defendant, in Baldwin county, in the spring of 1911, carried a pistol concealed about his person at Mathes' store on premises not his own in Baldwin county. The evidence for the defendant tended to show the contrary.

On his examination as a witness the defendant testified that he remembered the day that it was claimed he had a pistol at the store of said Mathes. He further testified that, shortly before the time that he was charged with having had the pistol at said store, the said Mathes, who was evidently the proprietor of the store, had threatened to shoot him and had offered a man a hundred dollars to whip him. The defendant further testified that he did not have a pistol at Mathes' store on the occasion named. At the conclusion of the defendant's testimony, the court, on motion of the solicitor, and against the objection of the defendant, excluded that part of the testimony of the defendant which

8 CA

tended to show that shortly before the time of the commission of the alleged offense, the said Mathes had threatened to shoot him and had offered a man a hundred dollars to whip him. To this action of the court the defendant duly excepted.

Section 4 of the act, which created the offense for which this defendant was tried, expressly provides that the defendant may give evidence that at the time of carrying the pistol he had good reason to apprehend an attack, which evidence the jury may consider in mitigation of the fine or justification of the offense. It is true that the defendant in his testimony denied that he had carried a pistol as charged in the indictment; but the jury may have disbelieved that part of his testimony, and the fact that the jury convicted the defendant clearly indicates that they did not believe that part of his testimony. This fact, however, does not in any way destroy the relevancy of the above stated testimony, which the court excluded from the jury, on the motion of the solicitor. If Mathes had, shortly before the day on which the alleged offense was committed, threatened to shoot the defendant, and had offered a man a hundred dollars to whip the defendant, the jury might have inferred that, although the defendant had actually carried a pistol concealed about his person or on premises not his own on the day on which the offense is alleged to have been committed, he had good reason to apprehend an attack.

The relevancy of testimony is a question of law for the court. Its credibility and the weight to be given to it is a question of fact for the jury.

For the reasons above stated, the excluded testimony was relevant and material, and in excluding it from the jury the trial court committed reversible error. There are several other questions presented by the record; but

they will probably not be presented upon another trial of this case, and we do not discuss them.

For the error. pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.