(75 South. 189)

### LOVE v. STATE. (8 Div. 353.)

·(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. CONSPIRACY ⬅25 — WHITECAPPING—ELEMENTS.

While the offense defined by Code 1907, § 7388, includes assault and battery, there must also be present a conspiracy between two or more persons to inflict the abuse with intent to force a confession or obtain the assaulted party's promise to leave the vicinity.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 35.]

2. CONSPIRACY ⬅44½ — LYNCHING OR WHITECAPPING—INTENT.

Under Code 1907, § 7388, prohibiting abuse, etc., of any person to force a confession or consent to leave the neighborhood, etc., the intent may be inferred from the facts attending the assault.

3. CONSPIRACY ⬅45—LYNCHING OR WHITECAPPING—ADMISSIBILITY OF EVIDENCE.

In prosecution under Code 1907, § 7388, prohibiting abuse, etc., of any person to force a

confession or secure his promise to leave the vicinity, accused may show that the assaulted party actually committed the offense for which he was whipped as tending to show that the assault was intended as a punishment, and not to force a confession.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 100–104.]

4. CRIMINAL LAW ☞31 — INCONSISTENT OFFENSES.

Accused in a criminal prosecution may set up inconsistent defenses.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 35, 36, 50.]

5. CRIMINAL LAW ☞753(2)—INSTRUCTIONS—LYNCHING.

In a prosecution under Code 1907, § 7388, prohibiting abuse of any person with intent to force a confession or consent to his leaving the vicinity, requested charges requiring an acquittal were properly refused where accused was at least guilty of assault and battery.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1727, 1729.]

Appeal from Circuit Court, Limestone County; R. C. Brickell, Judge.

Clint Love was convicted of the statutory offense known as lynching or whitecapping, and appeals. Reversed and remanded.

W. R. Walker, of Athens, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. [1, 2] An assault and battery is an essential element of the offense denounced by section 7388, Code 1907, and the elements that distinguish the statutory offense from an assault and battery are that the assault and battery is the result of a conspiracy between two or more persons, and the abuse is inflicted on an accusation real or pretended, with the intent to force the person assaulted to confess his guilt of some offense or to make a disclosure, or consent to leave the neighborhood, county, or state.

We note that the statute has been materially changed since the decision in Underwood v. State, 25 Ala. 70, and the utterances in that case are of little or no assistance in determining the questions presented in this case. Code 1852, § 3108.

The indictment here charges that the defendant and others, "whipped or beat John Davis upon an accusation that he had insulted his daughter, Dell Carroll, née Dell Davis, by writing her a note," stating the contents of the alleged insulting note, to force said Davis to confess himself guilty of writing said insulting note, etc.

The state's witness Davis, on his examination in chief, gave testimony tending to show that the defendant and others whipped and abused him, and at the time charged him with writing the alleged note, and when he denied writing the note they whipped him again. On cross-examination he testified without objection that he wrote a note and gave it to his daughter, but denied that he wrote the alleged insulting note.

The defendant, as a part of his defense, offered to show that Davis wrote the alleged insulting note, and the rejection of this evidence presents the vital question presented on this appeal.

As we have shown, the intent attending the assault and battery, like an assault with intent to murder, is one of the elements that distinguishes the statutory offense from an ordinary assault and battery. That intent must be found by the jury, and may be inferred from the facts and circumstances attending the assault "and the presence or absence of excusing or palliating facts or circumstances." Brown v. State, 142 Ala. 287, 38 South. 268; Jackson v. State, 94 Ala. 89, 10 South. 509; Meredith v. State, 60 Ala. 441; Wigmore's Evidence, § 300.

Under section 3108 of the Code of 1852, if the abuse was inflicted as a punishment for an alleged offense, the offense denounced by the statute was complete. Not so with the present statute; the assault and battery must be inflicted with the intent to make the person abused confess his guilt of an offense, or make a disclosure, or consent to leave the neighborhood, county, or state.

If, therefore, the abuse was inflicted on the state's witness to avenge the alleged insult, and not to make him confess, or make a disclosure, or consent to leave the neighborhood, county, or state, while the defendant would be guilty of an aggravated assault and battery, he would not be guilty of the statutory offense denounced as lynching by section 7388, Code 1907.

[3, 4] If Davis in fact wrote the alleged insulting note to his daughter suggesting sexual intercourse with her, this was a circumstance from which the jury might have inferred that the whipping was for the purpose of avenging the insult and punishing Davis for offering such an insult to his daughter, and not for the purpose of compelling him to confess himself guilty of an offense or make other disclosures; and the court erred in rejecting the defendant's proposed testimony. This evidence is offered on the theory, of course, that the defendant was present at the place of the alleged assault and participated, and is inconsistent with his alibi; but this is no reason for excluding the evidence. It has been held that the defendant in a criminal prosecution may set up inconsistent defenses. State v. Allen, 1 Ala. 442; State v. Greenwood, 5 Port. 474; Ward v. State, 4 Ala. App. 112, 58 South. 788.

While the excluded evidence is offered on a theory inconsistent with the defendant's alibi, it is not inconsistent with the theory of the state, and has some tendency to rebut the state's testimony tending to prove one of the essential elements of the statutory offense.

[5] Charges B and C refused to the defendant were properly refused because they required an acquittal, although the defendant was guilty of an assault and battery. Medley v. State, 156 Ala. 78, 47 South. 218; Mc-

Bryde v. State, 156 Ala. 44, 47 South. 302; Franklin v. State, 145 Ala. 669, 39 South. 979; Daughdrill v. State, 113 Ala. 7, 21 South. 378; Hutto v. State, 169 Ala. 19, 53 South. 809; Higginbottom v. State, 50 Ala. 133; Smith v. State, 11 Ala. App. 153, 65 South. 693; Code 1907, §§ 6311, 7315.

Reversed and remanded.