## DAVIS v. STATE. (6 Div. 476.)

(Court of Appeals of Alabama. June 30, 1924.)

**1. Homicide ☞276—Whether accused shot at officers held for jury.**

Whether accused shot at officers *held* for jury.

**2. Criminal law ☞1053—Appellate court cannot put trial court in error, in absence of exceptions to matter alleged erroneous.**

Where accused reserved no exception to court's statements complained of, the appellate court cannot put the trial court in error.

**3. Homicide ☞111—Officers held not justified in arresting accused or in shooting him unless shooting done in self-defense.**

Where officers had no warrant of arrest for accused and he committed no misdemeanor or felony in their presence, or furnished no reason for belief that a misdemeanor or felony was being committed by him, they were not authorized to arrest him or shoot him unless they did so in self-defense.

**4. Homicide ☞142(1), 144 — Accused's plea of not guilty placed burden of proof on state, and entitled accused to defense of self-defense.**

In a prosecution for assault with intent to murder by shooting at an officer, accused's plea of not guilty placed the burden on the state of proving every material allegation of the indictment to the satisfaction of the jury beyond a reasonable doubt, and under that plea accused was entitled to such defense as the law allowed, in the instant case, the defense of self-defense.

**5. Criminal law ☞270—Accused may set up inconsistent defenses.**

Accused may set up inconsistent defenses.

**6. Homicide ☞142(1)—Where plea was not guilty, trial court's rulings limiting issue to question of firing of shot at officers by accused held reversible error.**

In a prosecution for assault with intent to murder officer by shooting at him, in which plea of not guilty was interposed, rulings of trial court, confining issue as to question whether shot was fired upon officer *held* reversible error.

**7. Homicide ☞163(1)—Testimony that witness heard accused had whisky held improperly admitted.**

In a prosecution for assault with intent to murder, testimony that witness heard accused had some whisky *held* improperly admitted.

**8. Criminal law ☞419, 420(11)—Admission of testimony as to conversation between witness and third person not in accused's presence held reversible error.**

Admission in evidence of testimony of a conversation had between state witness and a third person, but not in accused's presence, *held* reversible error; such testimony being hearsay and not binding accused.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Willis Davis was convicted of assault with intent to murder, and appeals. Reversed and remanded.

E. L. Dodson, of Tuscaloosa, for appellant.

In a prosecution for a particular offense evidence tending to show defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible. Dennison v. State, 17 Ala. App. 674, 88 South. 211; Gassenheimer v. State, 52 Ala. 313; Pressley v. State, 18 Ala. App. 40, 88 South. 291; Childers v. State, 18 Ala. App. 396, 92 South. 512; Gardner v. State, 17 Ala. App. 589, 87 South. 885; Ramsey v. State, 18 Ala. App. 448, 93 South. 39; Spicer v. State, 188 Ala. 9, 65 South. 972; 16 C. J. 586. When the trial judge expresses an opinion on any disputed fact, or uses any language or makes any intimation which tends to prejudice the jury, he commits an error of law, which will of necessity effect a reversal of the judgment and a remandment of the cause. Dennison v. State, supra; Pate v. State, 19 Ala. App. 243, 96 South. 649; Williams v. State, 18 Ala. App. 573, 93 South. 284. Testimony as to a conversation had by the witness with a third person, when defendant is absent, is inadmissible. Edelman v. City of Gadsden, 16 Ala. App. 381, 77 South. 914; Hamlett v. State, 19 Ala. App. 218, 96 South. 371; Benjamin v. State, 12 Ala. App. 148, 67 South. 792; 16 C. J. 641; Jones v. State, 115 Ala. 67, 22 South. 566.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Evidence of different offenses is admissible to establish the identity of the defendant, to make out the res gestæ, or to make out a chain of circumstantial evidence. Gardner v. State, 17 Ala. App. 589, 87 South. 885; Jackson v. State, 17 Ala. 668, 88 South. 185; Haswell v. State, 17 Ala. App. 519, 86 South. 170; Spicer v. State, 188 Ala. 9, 65 South. 972. The conversation had by witness Micham

with Hunnicutt was admissible to show inter-est or bias of Hunnicutt, who had testified as a witness for defendant. Arnold v. State, 18 Ala. App. 453, 93 South. 83; Livingston v. State, 7 Ala. App. 43, 61 South. 54.

BRICKEN, P. J.   This defendant was charged by indictment, and convicted, for the offense of assault with intent to murder; the specific charge being that he unlawfully and with malice aforethought did assault Arthur Gentry with the intent to murder him. Under the defendant's plea of "Not guilty," the issues were clearly defined, but notwithstanding this the evidence was permitted to take a wide scope, under the court's rulings, and the main trial seems to have centered around the proposition as to whether or not this defendant was guilty of a violation of the prohibition law.

The facts as shown by the record disclose that this defendant was sitting upon a log by the roadside about 9 o'clock at night (as he stated waiting for a friend who had stopped to talk with a person to come on). While he was thus sitting alone, the sheriff and his two deputies approached him, one of them flashed a light in his face, and the shooting between the parties immediately followed. The evidence as to the details of the shooting was in sharp conflict, but there was no dispute that all three of the officers at very close proximity fired upon the defendant with their revolvers and grievously wounded him in several portions of his body. In fact from the undisputed evidence it appears almost miraculous that the defendant was not killed by the many shots fired at him from close range (8 or 10 feet) by the three officers. It is, however, a clear deduction from the testimony that as a result of the rencounter this defendant has been maimed for life. It was claimed by Gentry, the alleged injured party, that he received a slight wound on his knuckle which was described by Dr. Newton, who examined it, as, "a slight injury on his knuckle on the right hand near the knuckle joint, middle finger, between it and next finger, it was just a slight abrasion"; and he further stated, "But if I had seen that wound after looking at it as I did and had no information, I would not say that it was a gunshot wound; I found nothing about it to indicate that it was a gunshot wound."

[1] The defendant, who was corroborated by other testimony, denied shooting at the officers at all. The fact as to whether he did so fire at them was, under the evidence, a question for the jury. But it does seem strange, in fact remarkable, if this defendant did fire at the officers with an automatic shotgun under the conditions and circumstances as related by each of them, that no more injury was done as a result of such fire than a mere abrasion on the middle knuckle of one of them, Gentry. The sheriff's version of the shooting was as follows:

"We were walking down the road abreast, Mr. Gentry in the center. At the time the gun fired we were between 8 and 12 feet from the defendant. Mr. Gentry had a slight wound on the knuckle. Mr. Davis shot him with an automatic shotgun. When Mr. Davis fired the shotgun I fired just as quickly as I could on Mr. Davis."

Numerous exceptions were reserved to the rulings of the court pending the trial. Counsel for appellant has assigned errors; there being 48 assignments noted on the record.

Appellant complains bitterly of the apparent antagonistic attitude of the court towards him, and insists that his substantial rights were thus manifestly injuriously affected. We note from the record the court stated to the solicitor in one instance:

"I am sure you will connect it."

Also the following statement:

"What is the use of going into matters of that kind? You understand the law is clear that an officer cannot arrest a man without a warrant, unless he finds the party committing a misdemeanor in his presence at that time, or unless there has been a felony committed and the officer has good reason to believe he is guilty of having committed that act. If you undertake to show an arrest was made, there wasn't any arrest made until after the shot was fired, according to the evidence, and no attempt to make any arrest until after the shot was fired, so of course the defendant didn't have any right to shoot him."

[2] As to these statements by the court we can only say that, however meritorious these insistencies may appear, and, if it be conceded that as a result of such statements the substantial rights of defendant were injuriously affected, or might have been, yet we are without authority to grant the relief sought in this connection, as no exception appears to have been reserved to either of the statements complained of, and, in the absence of an exception, we cannot put the court in error.

[3] It is without dispute that the officers had no warrant of arrest for defendant, and up to the time of the alleged shooting it is not contended that the defendant committed a misdemeanor in the presence of the officers, nor was it contended that a felony had been committed and that the officers had good reason to believe the defendant had committed a felony. Yet the injured party, Gentry, testified, "We went down there to arrest these people" (the defendant and one Hunnicutt). Under this status there are many expressions in the case of Cobb v. State (Ala. App.) 97 South. 779,[1] peculiarly applicable to the case at bar. Under the rule laid down in that case the officers had no right to arrest the defendant, or to shoot him, unless, of course, such shooting was in self-defense. The court by its utterances and rulings seemed to have

[1] 19 Ala. App. 345.

tried this case upon the theory that the only issue involved was whether or not the defendant actually fired at the officers as testified to by them, the defendant having denied that he did so fire upon the officers. This attitude of the court is manifested and made apparent by that portion of the oral charge where the court said:

"As I understand it, the defendant did not plead self-defense; he just denies the charge. As I understand, it is his contention that he did not fire any shot at all."

[4-6] Other statements of the court and rulings of similar import also disclose that the trial judge confined the issue to the fact as to whether or not the defendant fired upon the officers. This was an erroneous attitude for the court to assume, and the rulings in this respect constituted error. Under the defendant's plea of not guilty, the burden of proving each and every material allegation of the indictment, to the satisfaction of the jury beyond a reasonable doubt, was upon the state, and under this plea the defendant was entitled to such defense as the law allows, which in a case of this character, of course, included that of self-defense. Ward v. State, 4 Ala. App. 112, 58 South. 788; Love v. State, 16 Ala. App. 44, 75 South. 189. It is true it might appear inconsistent for the defendant to deny emphatically that he fired the shot complained of, and at the same time insist that, if such shot was fired, it was so fired in self-defense. It has been expressly held, however, that the defendant in a criminal prosecution may set up inconsistent defenses. Love v. State, supra. Ward v. State, supra. In the Ward Case the defendant was charged with carrying a concealed pistol about his person. He pleaded not guilty and emphatically denied that he had a pistol at the time and place shown by the state. Notwithstanding his insistence that he had no pistol, he undertook to prove that, at the time and place designated by the state, he had a good reason to apprehend an attack, which he offered to prove in mitigation of the fine or in justification of the offense. The trial court would not allow this proof on the ground that it was inconsistent. In dealing with this question this court said:

"It is true that the defendant in his testimony denied that he had carried a pistol as charged in the indictment; but the jury may have disbelieved that part of his testimony. * * * This fact, however, does not in any way destroy the relevancy of the [offered] testimony, . * * * the jury might have inferred that, although the defendant had actually carried a pistol concealed about his person or on premises not his own on the day on which the offense is alleged to have been committed" (facts denied by defendant), yet "he had good reason to apprehend an attack."

By analogy here, it would seem that, notwithstanding the denial by defendant that he fired upon the officers, as charged, yet if the jury disbelieved his testimony in this respect, under his plea of not guilty, the jury should have been allowed to consider and determine the facts and circumstances under which the shot was fired, and if under the law of self-defense the jury concluded that the defendant was justifiable, he should have had the benefit of such conclusion by the jury. Under the court's rulings this question was not submitted to the jury, and the case rested upon the sole fact as to whether or not the defendant fired the one shot complained of.

[7] The court erred in allowing witness Tom Chambless to testify, over the objection and exception of defendant, that "he had information that he had some whisky." Cobb v. State, supra. Many of the court's rulings relative to an alleged violation of the prohibition law by defendant were in conflict with the rules of evidence announced in the following cases. Dennison v. State, 17 Ala. App. 674, 88 South. 211; Gassenheimer v. State, 52 Ala. 313; Pressley v. State, 18 Ala. App. 40, 88 South. 291; Childers v. State, 18 Ala. App. 396, 92 South. 512; Gardner v. State, 17 Ala. App. 589, 87 South. 885; Ramsey v. State, 18 Ala. App. 448, 93 South. 39; Spicer v. State, 188 Ala. 9, 65 South. 972.

[8] We know of no rule of evidence to sustain the court in allowing the state to prove, over the objection of defendant, a conversation between state witness, W. J. Micham, and a third person, one Hunnicutt; the defendant not being present. This testimony was hearsay pure and simple and the defendant was not bound in any manner by what was said between these parties in his absence. This ruling of the court alone would of necessity effect a reversal of this case.

Other questions are presented, but we think it unnecessary to prolong this opinion. It does not appear that the defendant has received the fair and impartial trial, free from prejudicial error, such as the law contemplates.

Upon another trial of this case the evidence should be confined to the issue involved in the charge contained in this indictment and the plea of not guilty, if such plea is again interposed.

Reversed and remanded.

