151 So. 611

## WALL v. STATE.

### 8 Div. 771.

Court of Appeals of Alabama.

Sept. 12, 1933.

Rehearing Granted Dec. 19, 1933.

W. H. Long, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder; his punishment fixed at imprisonment in the penitentiary for an indeterminate period of from five to seven years. Code 1923, §§ 3303, 5278, and 5268.

It was charged that he, in company with others, assaulted, etc., a group of men—shown by all the testimony to be a deputy sheriff and members of a posse accompanying said officer.

The state's testimony was to the effect that the officers—so to designate the deputy sheriff and those with him—all of whom had been deputized by him, intending to arrest appellant, had reached the place where they were assaulted etc., i. e., fired upon with a shotgun, by appellant, but had done nothing by way of effecting said arrest; that the officers were in the public highway; and that while so in said highway, and before accosting or molesting in any way the appellant, he, from the porch of a nearby store, opened fire upon them, wounding one or more of the party.

Appellant's testimony, with that of all his witnesses, was to the effect that he was not present upon the time and occasion in question; that he had an alibi.

That was the case for the jury. The distinguished counsel representing appellant here—and in the court below—has filed with us an unusually elaborate brief, etc., consisting of seventy-four long, closely typewritten pages. But, as we view the case, practically everything he has to say by way of argument is beside the mark. He would have us examine, and re-examine, the rulings and instructions of the learned trial judge upon the question of when, etc., an officer may arrest, etc., with and without a warrant etc. We cannot see that the question is properly before us.

The whole testimony on behalf of the state was that no arrest had been attempted, at the time of the assault, etc.; the whole testimony on behalf of appellant was that he was not present at all. So the issue was simple. The fact that the officers were where they were at the time of the assault, entertaining

the intention of arresting appellant, when they should come up with him, was, surely, as we see it, no justification for an assault upon them by appellant, if he did, as the jury found, assault them, until, or before, they manifested, in some way, their intention. And this without reference to whether the contemplated arrest was legal or illegal.

We have given careful study to every ruling presented for our decision; but cannot see that there is a necessity for a separate discussion of same.

Many of the questions of evidence raised are answered adversely to appellant's contention in the opinion of this court in Ezzell v. State, 13 Ala. App. 156, 68 So. 578. All the others have likewise been so answered in the citations contained in the Attorney General's brief—which we will not set out.

■ Every requested and refused written charge has been critically examined by us. In every instance where the principle of law sought to be conveyed therein was correct and applicable, we find the same to have been given to the jury in other charges, or in some other charge.

We have hereinabove, it is true, not dealt with the vast number of questions treated in appellant's brief; but our reason for not doing so is that, as we view the issues as made by the evidence, the decision of such questions would in nowise affect the result of our decision on the appeal.

This is not, though, to say that we consider any ruling underlying any question referred to erroneous.

It appears to us that appellant had a fair trial under rulings not alone not prejudicially erroneous, but, in many instances, more favorable toward him than the law required.

The judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

■ Our Supreme Court has now, since the rendition of our original opinion, squarely decided, for the first time, as we are advised, that an "officer having authority to make arrest has no authority to arrest fugitive from justice without warrant." See Bank of Cottonwood et al. v. Hood (Ala. Sup.) 149 So. 676, application for rehearing overruled September 28, 1933.

This gives pith which we were not, before that decision, sure existed in appellant's argument for error in the trial court's instructions to the jury to a contrary effect.

True, as pointed out in our original opinion, the question was, strictly speaking, an abstract one in the case; but the instruction being positively erroneous, and it being conceded that the "officers" had no efficacious warrant for the arrest of appellant, and the testimony being in so many particulars in violent conflict, we are forced to the conclusion that, as a practical matter, the "error complained of has probably injuriously affected substantial rights" of the appellant. So we must order a reversal of the judgment of conviction because thereof. Supreme Court Rule 45.

■ Also, on further consideration and study, we are of the opinion that it was error, and obviously prejudicial, to refuse to allow appellant to introduce testimony as to threats, etc., both communicated, etc., and otherwise, made against him by various members of the posse for the assault upon which, or the members of which, he was convicted. And this in the face of the fact that he, and all his witnesses, claimed that he was not present upon the ill-fated occasion at all. See Ward v. State, 4 Ala. App. 112, 58 So. 788; Love v. State, 16 Ala. App. 44, 75 So. 189; Davis v. State, 20 Ala. App. 131, 101 So. 171; 16 C. J. 98.

Our opinion is thus extended, the application for rehearing is granted, the order of affirmance heretofore entered is set aside and held for nought, and the judgment of conviction is reversed, and the cause remanded.

Opinion extended. Application granted. Reversed and remanded.