(93 South. 39)

### RAMSEY v. STATE. (7 Div. 725.)

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied April 18, 1922.)

**1. Larceny ⬉68(1) — Identification of defendant held question for jury.**

Witness' testimony that he was not sure whether he bought the stolen chickens from defendant or his brother, as they looked much alike, but he thought that defendant was the seller, *held* sufficient to make the question of identification for the jury.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law** ⬅➡338(4, 5)—**Admission of evidence of transactions between witness and defendant's brother, involving other crimes, held error.**

In a prosecution for stealing chickens, the admission of evidence as to transactions between witness and defendant's brother, involving other stolen chickens, with which defendant had no connection, was reversible error.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Houston Ramsey was convicted of petit larceny, and he appeals. Reversed and remanded for another trial.

E. O. McCord & Son, of Gadsden, for appellant.

Counsel discuss the matters complained of, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the errors assigned, but without citation of authority.

SAMFORD, J. [1] The evidence for the state tended to prove the state's contention as to the theft of six chickens and to connect defendant with the crime, but the identity of defendant was not of a very positive nature. The only witness who testified to this said:

"As to which Ramsey it was, it was either him or his younger brother; I could not tell."

Upon the solicitor having the defendant to stand before the witness, he further said:

"As to my best judgment, which one it was I bought the chickens from, they look so much alike, I could not say for certain; I think it was this one (meaning defendant)."

This was sufficient to make the question of identity one for the jury.

[2] The defendant offered as a witness in his behalf one John Steele, who identified the time testified to by the state witnesses, and then testified that it was John Ramsey, and not the defendant, who went with him on that day and made the sale of the chickens. The solicitor was then permitted, over the timely objections and exceptions of defendant, to inquire of this witness as to other stolen chickens brought by witness to Gadsden at another time, and by witness sold to another party, and then, at the instance of John Ramsey, return the money received for the chickens to the purchaser. The defendant was in no way connected with these transactions, and the evidence thus elicited in no way tended to establish the guilt or innocence of the defendant; nor was it admissible for the purpose of impeaching the witness. Its admission was error, and tended to prejudice the defendant's case before the jury.

The other questions raised will probably not arise on another trial, and therefore are not passed upon. The defendant should have another trial, and for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.