## HORSLEY v. STATE. (7 Div. 942.)

(Court of Appeals of Alabama. June 12, 1923.)

1. **Witnesses** ⊜═344(2)—Sustaining objection to question to defendant's witness as to purchasing liquor from state witness as affecting credibility held proper.

In prosecution for violation of the liquor law, sustaining objection to a question to witness as to whether he had purchased whisky from a state witness before indictment was returned against defendant was proper, as such testimony was inadmissible for any purpose.

2. **Witnesses** ⊜═345(1)—Accusation of crime inadmissible as affecting credibility.

The mere accusation against a witness, even for a crime which involves moral turpitude, is not admissible as affecting his credibility.

3. **Witnesses** ⊜═345(4)—Conviction for offense involving moral turpitude must be shown to affect credibility.

To attack credibility of a witness, it must be shown that a conviction for an offense involving moral turpitude was had in a court of competent jurisdiction.

4. **Witnesses** ⊜═345(2)—Selling intoxicating liquor does not involve moral turpitude, and cannot be proved to affect credibility.

Selling of intoxicating liquors is not an offense involving moral turpitude, and a conviction thereof cannot be proved to impeach a witness' testimony or affect his credibility as a witness.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Isaiah Horsley was convicted of violating the prohibition law, and he appeals. Affirmed.

Conley Merchant, of Ashville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. This trial was had by the court without a jury. The accused was charged with violating the prohibition law, the specific charge being that within the time covered by the indictment he sold one quart of corn whisky to state witness Donahoo and received therefor $1.75. No question as to venue is involved. The defendant denied selling the whisky to Donahoo, and an issue of fact was thus presented.

[1] Pending the trial only one exception was reserved to the ruling of the court. It occurred as follows:

Bert Myers, a witness for defendant, testified:

"I know Manly Donahoo [state witness] and defendant—am not related to either of them."

And, after testifying to the good character of defendant, he was asked by counsel for defendant:

"Did you purchase any whisky from Manly Donahoo in August before this indictment was returned against this defendant?"

Upon objection by the state defendant's counsel made known to the court that he expected the witness to answer the question in the affirmative, and that he expected to show that Manly Donahoo sold whisky just prior to the time when he testified before the grand jury against the defendant, and that the testimony was offered for the purpose of showing the general character of the state witness Donahoo and its effect upon his credibility as a witness.

[2-4] The court properly sustained the objection to the question, as the testimony thus sought to be adduced was inadmissible for the purpose stated, or for any purpose. A mere accusation against a witness even for a crime which involves moral turpitude is not admissible as affecting the credibility of a witness. In order to thus attack the credibility of a witness it must be shown that a conviction for an offense involving moral turpitude, in a court of competent jurisdiction, was had. In the instant case, even if it had been shown that Donahoo had regularly been convicted of the offense of violating the prohibition law, this fact could not be proven in order to impeach his testimony or affect his credibility as a witness. Ex parte Marshall, In re Marshall v. State, 207 Ala. 566, 93 South. 471.

As stated, the testimony in this case was in conflict. There was ample evidence upon which to predicate the judgment rendered. The record is free from error, and the judgment appealed from is affirmed.

Affirmed.