(139 So. 435)

## BURNELL v. STATE.
### 6 Div. 102.

Court of Appeals of Alabama.
Jan. 12, 1932.

Rehearing Denied Feb. 2, 1932.

Fort, Beddow & Ray, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen.. and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

■■ The defendant was indicted on a charge of assault to murder and on his trial was convicted of assault and battery. There are many objections and exceptions, too numerous to be discussed in detail, all attempting to bring to the aid of defendant on his plea of self-defense section 3267 of the Code of 1923, allowing a private person to arrest another where a felony has been committed, though not in his presence, of which defendant had reasonable cause to believe that the person arrested committed it; i. e., if the defendant acting under authority of the above Code section was attempting to make an arrest, he would be entitled to the same protection as would a peace officer attempting to execute a warrant, and in order to make out this part of his defense, he would be entitled to offer evidence that a felony had been committed, that he had been informed of it from a reliable source, and that he had reasonable cause to believe that the party he was seeking to arrest was guilty. Am. Ry. Exp. Co. v. Summers, 208 Ala. 531, 94 So. 737.

■■ In order, however, for the defendant to be allowed to introduce evidence as above indicated, there must appear from the evidence a bona fide attempt to make an arrest. Otherwise the act of defendant in accosting the party assaulted would be an act of intermeddling not warranted in law. The first prerequisite of such an arrest by a private person is that the defendant must have, at the time he accosted the party, informed him that he was to be arrested and the cause thereof. This is required by section 3268, Code 1923, and is designed to take the place in an emergency of the more formal charge to be made before a magistrate without unnecessary delay.

■ It follows from the foregoing that, as a predicate for the introduction of evidence tending to prove the commission of a felony by Branham, the alleged assaulted party in this case, there must appear evidence tending to prove that this defendant at the time he accosted Branham informed him that he was being arrested and the cause thereof. According to the defendant's own statement, to wit: "I walked up to the Branham car and I asked him what was his name, and he says 'what the hell is it to you,' and I says 'I was told if I saw you all to get your name and license number if I could, because they had held up a boy and taken a coca cola—I said I have been requested if I could find out who it was and saw the car again, to get the name and license number,' and he says, 'well, that ain't none of your damned business,' and I said 'you all took the coca cola though, didn't you,' and he said 'no,' and I said 'the coca cola is in the car,' and he jumped around and says 'by God I will fix you' and started out of the car like that (indicating), and he came out with one foot on the running board, and the biggest part of his body braced on that leg, on that foot plumb out of the car, you might say except one foot, and when he did that I saw the knife and I reached down and picked up this piece of spring and hit him." There is no semblance of evidence from which the jury could infer that an arrest was being attempted.

■ It follows from the foregoing that all of the details of what took place between Branham and Mr. and Mrs. Grace and their son relative to the taking of a bottle of Coca-Cola and the enforced cranking of Branham's car were properly excluded.

■ Refused charge 8 is fully covered by the oral charge of the court and by at least three written charges given at the request of defendant.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.