142 So. 110

## SULLIVAN v. STATE.
### 2 Div. 492.

Court of Appeals of Alabama.
May 24, 1932.

S. F. Hobbs, of Selma, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The evidence for the state tends to prove that Henry Moore, the assaulted party, and being a man about 82 years of age, was walking along the public road, when he was fired upon from ambush by the defendant, who used a double-barrel choke-bore shotgun loaded with No. 6 shot; that the defendant fired both barrels of the gun at Moore, from a distance of sixteen yards, striking him in the body, face, and neck, blinding one eye, and striking out a tooth. The defendant, a man of about 50 years of age, admits the shooting, but claims that he fired from a distance of seventy-five yards, and did it to scare Moore. Allowing for the excitement and interest of the parties, the distance between the parties was probably more than sixteen yards and less than seventy-five yards, but this was a question for the jury, with which we are not concerned on this appeal. The shooting occurred about 3 o'clock in the afternoon.

The defendant sought to prove by one of his witnesses that Henry Moore had set fire to defendant's haystacks on the morning of the day of the shooting. The court sustained objection to this evidence.

The defendant contends (1) that this evidence is relevant to show the commission of a felony by Henry Moore and the right of defendant, acting under authority of section 3267 of the Code of 1923, to arrest Moore and bring him to justice. The fault of this contention lies in the fact that there is no evidence tending to prove an attempted arrest. In order for the defendant to be allowed to introduce evidence of the commission of a felony by Moore, there must appear from the evidence a bona fide attempt on the part of defendant to make an arrest. Burnell v. State, 24 Ala. App. 588, 139 So. 435.

The defendant insists (2) that this evidence was relevant as tending to show the animus and bias of Henry Moore as a witness.

This insistence is untenable. The proper way to show bias of a witness is to ask him directly the state of his feelings, and, if he denies bias, to resort to facts and circumstances tending to show it. In this case the proper predicate was not laid for the introduction of independent circumstances. 28 Alabama & Southern Digest 541 ☞373.

There is no error in the record, and the judgment is affirmed.

Affirmed.