41 So.2d 205

### PENDLEY v. STATE.
#### 6 Div. 801.

Court of Appeals of Alabama.
June 7, 1949.

454

Powell & Mac Laurin, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for and convicted of assault with intent to murder.

The appellant interposed pleas of not guilty, and not guilty by reason of insanity.

The victim of the assault was Travis Lawrence, who at the time was Sheriff of Fayette County. Mr. Lawrence and other officers had arrested appellant and three other men, and while transporting them in an automobile the appellant, apparently without warning, attacked Lawrence and inflicted a more or less serious wound with a knife.

The State's evidence, actually undisputed as to the attack, was abundant in its tendencies supporting the verdict of guilty rendered by the jury.

The appellant's evidence was directed toward showing appellant's legal irresponsibility resulting from a diseased mind and also from extreme intoxication at the time of the assault.

The mother and father of appellant gave some testimony tending to show that appellant was abnormal in that he would repeatedly climb trees, and on one occasion jumped from a tree and fractured an ankle. They further testified that appellant would apparently lose consciousness after taking a few drinks. Other defense witnesses gave testimony directed toward showing that appellant was drunk at the time of his arrest and at the time of the assault.

On the other hand the State introduced evidence tending to show that appellant was not drunk on either occasion.

Clearly the mental condition of accused at the time of the commission of this offense, from any cause, presented a factual situation solely within the determination of the jury.

Appellant's counsel has presented many rulings of the court in connection with the admission or rejection of evidence which he contends constitutes reversible error. In all except the instances hereafter commented on, it appears from the

record that appellant's objections were interposed after the questions had been answered, and no motion to exclude the answers was made, or the questions were never answered after objection was interposed. Clearly error cannot be predicated on these points.

■ Bill Hawkins, a witness for the defense, testified that appellant had come to his house the night preceding the assault, around one or two o'clock A.M. No error resulted from the court's action in sustaining the State's objection to a question as to whether he was drunk or sober at this time. It appears that appellant was not arrested until the early part of the following afternoon. The time intervening destroys the probative value of the evidence sought. It also appears that this witness testified later that he had seen appellant every day for four or five days preceding the assault, and each and every time he saw him he was drinking heavily.

■ Questions were propounded on direct examination to defense witness Loyd Pendley as to what appellant had said to the witness when he visited appellant at the jail the morning after the assault.

These questions sought possibly self-serving statements. Clearly such statements were not part of the res gestae. Objections to them were properly sustained.

During the cross-examination of Sheriff Lawrence the record shows the following:

"Q. You were very much enraged about the trouble the next morning? A. I wouldn't say that.

"Q. You refused to let his mother and brother see him. A. Yes, for reasons.

"Q. You didn't call him ugly names in the presence of his mother? A. It's possible. I wouldn't say I did or didn't. It was his brother—this was the night before when his brother came to see him."

Later on direct examination of the mother of appellant, a witness for the defense, the court sustained the State's objections to questions seeking to show the details of the language used on this occasion. Appellant's counsel argues such testimony admissible as tending to show bias or prejudice on the part of Sheriff Lawrence.

■ We do not think that sufficient predicate was laid to justify the admission of the testimony sought from appellant's mother. The proper way to show bias of a witness is to ask him directly the state of his feelings, and if he denies bias, then resort may be had to facts tending to show it. Sullivan v. State, 25 Ala.App. 140, 142 So. 110.

■ This aside, the evidence as to the commission of the assault is undisputed, and is fully spelled out by even the witnesses for the defense. No possible injury of a substantial nature could have resulted to appellant by the exclusion of the above testimony.

■ No error resulted in overruling appellant's objections to questions seeking to show appellant's general character and reputation prior to the commission of this offense. The appellant had testified as a witness in his own behalf prior to the State's presentation of these witnesses. The proper predicate showing witnesses' knowledge of appellant's reputation was laid.

■ Where an accused testifies in his own behalf his testimony may be impeached by showing witness' general reputation in the community in which he lives. See Alabama Digest, Witnesses, ⊛337(1) (2) for innumerable cases.

The trial court gave a full, instructive, and able oral charge to the jury. The principles pertaining to appellant's pleas were explained to the jury in comprehensive detail. In addition some ten written charges requested by the appellant were given the jury by the court.

■ Some twenty written charges requested by the appellant were refused. We find no reversible error in the refusal of any of these charges.

Refused charge 1 was covered by given charge 2.

Refused charge 5 was covered by the court's oral charge and by given charge 8.

Refused charge 9 was covered by the oral charge, and given charges 8 and 10.

456

Refused charge 11 was covered by the oral charge and by given charge 8.

 Refused charges 12, 16, 19, 26, 27, 28, 29 and 30 were covered by the court's oral charge. Charges 26, 28 and 30 also were defective in not being predicated on the evidence.

Refused charge 14 was covered by the oral charge, and given charge 7.

Refused charges 20, 22, 23, 24 and 25 were covered by the oral charge, and given charges 7 and 10.

While a charge identical to refused charge 17 was the basis of reversal of Harmon v. State, 23 Ala.App. 468, 126 So. 896, 898, the court pointed out that as an original proposition the charge might be misleading. The charge was of significance in Harmon v. State, supra, because the court in its oral charge had stated:

"There must be malice in the attempt to take human life to constitute this statutory offense, but gentlemen, the law also says that when the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound, then the law implies that malice from the use of the deadly weapon, and the burden is on the defendant of proving that the assault was not with such intent."

As pointed out in the Harmon opinion, the foregoing was an erroneous statement of the law in at least two particulars: (1) It is lacking in the qualifying phrase: "Unless the evidence which proves the assault rebuts the presumption of malice", and (2) in wrongly placing the burden of proof on a defendant.

In the present case the court in its oral charge explicitly instructed the jury that the burden of proof was always on the State. It further appears from the evidence without dispute that the attack made by this appellant on Sheriff Lawrence was without warning, and apparently without provocation. Any evidence rebutting the presumption of malice must be found in appellant's mental condition at the time of the attack. This defense, as before stated, was explained in clear detail in the court's oral charge, and in numerous written charges given at appellant's request. It is our opinion that appellant's rights were not probably injuriously affected by the refusal of charge 17.

Affirmed.

BRICKEN, P. J., not sitting.