72 So.2d 418

### MEADOR v. STATE.

#### I Div. 683.

Court of Appeals of Alabama.

April 27, 1954.

Arthur Epperson, Foley, and Tolbert M. Brantley, Bay Minette, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

574

HARWOOD, Judge.

This appellant stands convicted of burglary in the second degree, his punishment having been duly fixed at confinement in the penitentiary for one year.

Since a ruling by the court necessitates a reversal of this cause we will set out only so much of the evidence as may be necessary as a back drop for this ruling.

During the presentation of his evidence the defendant called as a witness Timothy Hunger. Actually the testimony of this witness on his direct examination produced evidence of slight, if any, probative value in so far as the issues of this case are concerned.

However, during the cross-examination by the Solicitor of this defense witness the record shows the following:

"Q. You are a friend of this boy's aren't you?—A friend of George Meador? A. About the same as I am with anybody else I work with.

"Q. You run around with him quite a bit, don't you? A. No, I wouldn't say so.

"Q. Were you involved in the locker theft when there was a locker theft in the Navy barracks?

"Mr. Brantley: We object.

"Mr. Lauten: I have a right to show his bias.

"The Court: It is theft. I overruled the objection.

"Mr. Brantley: We except.

"Q. Were you involved when there was a theft of a locker at the barracks?—Theft of a locker in Foley?—Along with this boy?

"Mr. Epperson: We object.

"The Court: Overrule the objection.

"Mr. Epperson: Except.

"Q. Answer the question—yes or no? A. Yes."

No proper predicate had been laid for the evidence on the Solicitor's erroneous theory that it should be admitted to show bias.

The proper way to show bias on the part of a witness is to ask him directly the state of his feelings, and if he denies bias, then resort may be had to facts tending to show it. Sullivan v. State, 25 Ala.App. 140, 142 So. 110; Pendley v. State, 34 Ala.App. 453, 41 So.2d 205.

While a witness' prior conviction for a crime involving moral turpitude may be shown as going to his credibility, a mere "involvement" in such a crime possesses no probative value and evidence to that effect is meaningless and obscure. This very obscurity does however furnish a nourishing medium for the production of ineradicable prejudice.

For this reason it is well settled that a mere accusation against a witness even for a crime involving moral turpitude is not admissible as affecting his credibility. Horsley v. State, 19 Ala.App. 263, 96 So. 937; Rogers v. State, 34 Ala.App. 617, 42 So.2d 642. See also 19 Alabama Digest, Witnesses, ☞345(1) for other cases illustrative of this principle.

The question as to whether the witness, and apparently the appellant also, were "involved" in the theft of a locker sought evidence which was manifestly illegal and

obnoxious to all rules of evidence. It could not be rendered legal by reframing the question, or by the introduction of other evidence. Under such circumstances the general objection interposed is sufficient. Rogers v. State, supra.

It is noted that on redirect examination this witness testified that neither he nor the defendant were convicted in connection with this locker theft. Such facts emphasize the illegality of the evidence pertaining to any "involvement" of the witness and the appellant in the theft of a locker. That such evidence of no convictions removed the possible, and highly probable prejudicial effect of the showing of "involvement" in the theft is, in our opinion, too speculative to permit the application of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Reversed and remanded.