282 So.2d 59

**Kay B. CRAIG, Jr. (Kayb Craig, Jr.)**

v.

**STATE.**

**I Div. 162.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

J. Calvin Clay, Mobile, for appellant.

·William·J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

BEAIRD, Circuit Judge.

Kay B. Craig, Jr. (Kayb Craig, Jr.) was convicted of grand larceny and sentenced to three years in the penitentiary. The Circuit Court of Mobile County, the Hon. Elwood L. Hogan, Circuit Judge, rendered judgment and the defendant appealed.

On appeal this case was remanded to the 13th Judicial Circuit Court on September 14, 1971, ·for compliance with Act 525 of the 1963 Acts of the Legislature for a free transcript of the record to be filed on

behalf of the defendant, and that an attorney be appointed to represent the defendant. The transcript of evidence was made, and the Hon. J. Calvin Clay of Mobile, Alabama, was appointed to represent the defendant.

In June, 1970, the appellant, Kay B. Craig, Jr. (Kayb Craig, Jr.), had an alteration with one Luther E. Wing, which commenced in the men's public restroom in the basement of Mobile's Bienville Square. During the altercation, appellant took from Mr. Wing an Accutron wristwatch valued at One Hundred Fifty Dollars. Appellant claimed to have accidentally torn it off Mr. Wing's arm in a scuffle, and then put the watch in his pocket to keep it from getting stomped.

Mr. Wing claimed appellant took the watch from him, put it in his pocket and started to run away. He followed appellant up some steps and tripped him at a water fountain. There, two persons held appellant until the arresting officer arrived. The officer testified that he found the watch in appellant's pocket. Appellant claimed he tried to give the watch back to Mr. Wing, but he would not have it.

It appears that the only error alleged and relied upon in the appellant's brief is that the State prosecutor on cross-examination, asked the appellant about a number of alleged prior convictions for grand and petit larceny, which the appellant denied; that afterwards, the prosecutor did not offer any evidence to prove such convictions; and that over the objection of defense counsel, the prosecutor was allowed to continue questioning appellant concerning such alleged convictions. A portion of the appellant's testimony concerning these questions is set out below:

"Q. Your name is what now?

"A. Kayb Craig, Jr.

"Q. And how old are you?

"A. I'm 35, just turned 35.

"Q. Mr. Craig, isn't it a fact before this case and in fact on September 5, 1957 that you were convicted of petit larceny?

"A. No, sir, never have.

"Q. Isn't it a fact that prior to this case and on October 30, 1957 that you were convicted of grand larceny?

"A. No, sir, I never been convicted on nothing at my life.

"Q. Isn't it a fact that prior to this conviction or prior to this case on February 21, 1959 you were convicted of petit larceny in the City of Mobile?

"A. No, sir, I never been arrested in the City of Mobile for stealing nothing.

"Q. Isn't it a fact that prior to this case and on March 6, 1961 you were convicted of petit larceny in the City of Mobile?

"A. No, sir, I've never been convicted in the City of Mobile for nothing but public drunkness and disorderly conduct.

"Q. Isn't it a fact that prior to this case on March—on April 1, 1960 that you were convicted of petit larceny?

"A. No, sir.

"Q. Isn't it a fact that prior to this case and on March . . .

"MR. HOLBERG: Now Your Honor, we object . . .

"MR. DRUHAN: . . . 6, 1962 . . .

"WITNESS: No, sir.

"THE COURT: (to Witness): Wait just a minute, there's an objection.

"MR. HOLBERG: He has asked him questions of a specific nature to which he's given a general answer that covers the questions of a specific nature, I don't see any reason he ought to be allowed to keep parad-

ing answers propounded from the witness, to this defendant, he's already answered the questions. We object to the continuation of these kind of questions.

"THE COURT: Overrule the objection.

"MR. HOLBERG: Object, I mean we except, excuse me.

"THE COURT: Note the exception.

"MR. DRUHAN: Isn't it a fact before this case on April 1, 1960 you were convicted of petit larceny?

"A. No, sir.

"Q. Isn't it a fact in the City of Mobile prior to this case and on March 6, 1962 you were convicted of petit larceny?

"A. No, sir."

 A witness in a criminal case may be examined concerning his conviction for a crime involving moral turpitude. Title 7, §§ 434, 435, Code of Alabama 1940. This rule applies to cases where defendants testify, however, to attack the credibility of a witness based on criminal convictions, the questions should be phrased so as to exclude municipal offense convictions, since such convictions do not involve moral turpitude. Rainey v. State, 48 Ala.App. 530, 266 So.2d 335.

 After a careful examination of the questions and answers in this cause, it is our opinion that the trial court committed error in not sustaining the objection made by the defense attorney. The question objected to did not specify nor was it so phrased that the court could determine whether or not the conviction was a violation of a municipal ordinance or a state conviction. We think, however, that questions like these are similar to those in Huggins v. State, 271 Ala. 428, 123 So.2d 911, wherein the defendant was asked whether he had been convicted in a City Court for violating a municipal ordinance against soliciting and carrying passengers to a house of ill fame. The trial court allowed the answer over defendant's objection. The Appellate Court held, however, that although this was error, the error would have been harmless if the matter had been presented to the jury only by the questions propounded to appellant and by his negative answer. Thus, the appellant, Kay B. Craig, Jr. (Kayb Craig, Jr.), having denied larceny convictions in any court, and no other evidence being presented concerning this matter, we think the overruling of the objections was harmless error. Huggins v. State, supra, Helms v. State, 254 Ala. 14, 47 So.2d 276, Thompson v. State, 100 Ala. 70, 14 So. 878.

Appellant also objected to the State's questions on the grounds that they were of a specific nature, and his general answer had covered questions of a specific nature. Appellant had already stated generally that he had never been convicted of grand or petit larceny, and he objected to further questioning on this subject.

 When a specific ground of objection is taken to the admissibility of evidence, waiver of all other objections is presumed, and on appeal the reviewing court will confine its decisions to the grounds specified. Peyton v. State, 40 Ala.App. 556, 120 So.2d 415. Apparently, there was a waiver of any grounds that the appellant might have had concerning the admissibility of the answers, as the alleged conviction was a violation of a city ordinance, and not a crime involving moral turpitude.

 We think the trial judge committed error in overruling the objection by the defense attorney, as only convictions under State laws of crimes involving moral turpitude are admissible under the statute relating to competency and credibility of witnesses as affected by prior convictions for crimes involving moral turpitude, and convictions for violating municipal ordinances may not be shown. Code 1940, Title 7, § 434, Rainey v. State, supra. Such error, however, was harmless, and no motion having been made to the trial judge to instruct or charge the jury concerning the

law applying to such prior convictions or the prosecutor's failure to prove same, there was no error by the judge in not charging the jury thereon. If the appellant, however, had answered in the affirmative concerning questions involving city ordinance convictions, this would have presented an entirely different situation.

We have examined the entire record in this case and conclude there is no reversible error.

The foregoing opinion was prepared by Honorable T. Leon Beaird, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby affirmed.

Affirmed.

All Judges concur.