296 So.2d 194

**Mary P. BRUMMITT, alias**

v.

**STATE.**

**5 Div. 165.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

Gray, Seay & Langford, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of the offense of unlawfully selling marijuana in violation of the Alabama Uniform Controlled Substances Act and sentenced to imprisonment for 15 years. From this judgment of the court she has appealed.

The State built its case around the testimony of Alex C. Smith, a special deputy of Lee County, Alabama, whose duties were to work as an undercover agent to obtain evidence with regard to possession and selling of narcotics. He testified that on March 23, 1972, he, in the presence of Mickey Watson and Robert Calloway, purchased from appellant a small quantity of substance later determined to be marijuana for which he paid five dollars. The testimony of Robert Calloway was supportive of witness Smith except Calloway testified he did not witness the actual sale of the marijuana but that he was out of the room at the appellant's house for a short time, where the alleged sale was made to Smith. He further testified that he did not hear any conversation between the appellant and Smith with regard to the sale.

The State further introduced the witness Taylor Noggle, a State Toxicologist, who testified that he examined the substance allegedly sold by Mary Brummitt to State witness Smith and that it was in fact marijuana.

Testimony adduced by the appellant's husband, George Ralph Brummitt, was to the effect there was marijuana at the house where he and Mary Brummitt lived as man and wife but that it belonged to him and that she had nothing to do with it. The appellant emphatically denied that she made the sale in question or that she had any marijuana at her home. But she did admit selling Robert Calloway some pills of some kind on March 23, 1972, commonly known as speed.

It is not incumbent on this court to pass upon the sufficiency of the evidence, since no motion was made to exclude, no motion for a new trial was filed by appellant, nor was there any written request for the affirmative charge on appellant's behalf. However, in deference to the seriousness of the offense and the length of the sentence, this court has seen fit to set out this brief statement of the evidence, which demonstrates that undoubtedly the guilt or innocence of the appellant was a question for the jury, and was properly submitted to the jury for its consideration.

The appellant stresses two propositions in argument. First, that the appellant's case was prejudiced in the minds of the jury by the question asked witness Smith on direct examination by the prosecutor, "Whether or not, prior to March 23, 1972, George Ralph Brummitt (appellant's husband) offered to sell you drugs." and second, that the court committed prejudicial error in its questioning of the appellant while she was on the witness stand and that the line of questioning created an impression of partiality on the part of the court tending to deny appellant a fair and impartial trial.

The basis for the first argument, above noted for error, appears in the record on

page 20, which shows the following: (By Mr. Wright)

"Q. All right, sir. State whether or not, prior to March 23, 1972, George Ralph Brummitt offered to sell you drugs.

"MR. SEAY: Objection.

"THE COURT: As to who offered to sell drugs?

"MR. WRIGHT: George Ralph Brummitt.

"THE COURT: George Ralph Brummitt? Was Mary Brummitt present?

"Q. Was the defendant, Mary Brummitt, present at that time, do you recall?

"MR. SEAY: Objection.

"A. She was not.

"THE COURT: What was your answer?

"THE WITNESS: She was not present.

"MR. WRIGHT: We don't insist on that.

"THE COURT: Well, sustain the objection to that, unless she was present."

In support of her position the appellant cites Ramsey v. State, 18 Ala.App. 448, 93 So. 39; Garner v. State, 20 Ala.App. 268, 101 So. 506; Davis v. State, 20 Ala.App. 131, 101 So. 171. In each of the cases above cited it appears that the testimony of transaction between others, not in the presence of the appellant and to which he was not a party was allowed in evidence by the trial court over objections and these rulings were held to be reversible error.

In the instant case the testimony sought to be elicited by the State was not admitted into evidence but, in fact, the objection of the appellant was sustained by the court when it appeared appellant was not shown to have been present at the time.

We do not think the mere asking of this question, to which timely objection was sustained by the court, was so prejudicial to the rights of the appellant as to deny her a fair trial.

Furthermore the ruling of the court being favorable to the appellant, and no motion for mistrial being made on account of a supposed injury to the rights of the appellant, and no further ruling of the court invoked, there is nothing further before this court to consider on review. See cases cited in Alabama Digest, Criminal Law, Volume 7, ☜1030(1), 1048.

With regard to the second proposition relied upon by appellant for error, the record reflects the following examination by the court of the appellant:

"THE COURT: Have you ever kept any marijuana in the house?

"THE WITNESS: Myself, no.

"THE COURT: Well, have you ever seen marijuana in the house?

"THE WITNESS: Yes, I have.

"THE COURT: Where did you see it?

"THE WITNESS: Well, George have it.

"THE COURT: Where?

"THE WITNESS: Sometimes we have it laying on the dresser if he have a little bit.

"THE COURT: Sometimes on the shelf?

"THE WITNESS: Yeah.

"THE COURT: And sometimes in the bedroom?

"THE WITNESS: Yeah, 'cause he keep it out of the way of the children.

"THE COURT: Did you know whose marijuana it was when you saw it there?

"THE WITNESS: I knew it was George's.

"THE COURT: You knew it was George's?

"THE WITNESS: Yes, I did."

We think the situation as shown by the record in the case at bar is governed by the rule set out in the case of Rice v. Hill, 278 Ala. 342, 178 So.2d 168, in which the Supreme Court, speaking through Justice Merrill, said:

"The trial judge has the right to propound such questions to witnesses as may be necessary to elicit certain facts, Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761; and it not only is the court's prerogative to so act, but its duty, if the court deems it necessary to elicit proper evidence bearing on the issues. Luker v. State, 39 Ala.App. 548, 105 So.2d 834.

"Here, the trial court did not abuse his discretion in asking the witnesses if the road was used by the public and no reversible error appears as a result of his questions.

"Moreover, there was no objection to any of the questions although he asked them of thirteen different witnesses. Where no objection was made or exception taken to any remark or question by the trial judge, nothing is presented here for review. State v. Boyd, 271 Ala. 584, 126 So.2d 225; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553. These assignments of error are without merit."

Therefore, it appears there is no error on the part of the court as argued in the appellant's propositions 1 or 2.

Since the appellant denied the charge, there is no occasion for us to consider the question of entrapment; however, we are clear to the conclusion that the elements of entrapment are not present under the facts developed in this case.

After a careful examination of the entire record of this cause, the court is of the opinion that there is no error injurious to the substantial rights of the appellant and the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.