304 So.2d 255

**Terry J. ROGERS**

**v.**

**STATE.**

**7 Div. 241.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

**14**

Williams, Williams & Norton, Anniston, for appellant.

William J. Baxley, Atty. Gen., Montgomery and Roger M. Monroe, Sp. Asst. Atty. Gen., Birmingham, for appellee.

TYSON, JUDGE.

The Grand Jury of Calhoun County charged Terry J. Rogers with the first degree murder of Charles Waymon Davis. The appellant was found guilty of murder in the second degree, and judgment set sentence at ten years imprisonment in the penitentiary.

The indictment arose from the shooting of Charles Waymon Davis on July 25, 1971, at Young's Truck Stop Cafe near Piedmont in Calhoun County, Alabama. An altercation developed between appellant and the deceased. After some verbal threats were exchanged in the cafe, appellant retreated to the utility rooms in the rear of the establishment. Appellant was joined there by his friend, Michael McFry. McFry gave appellant a gun which he used to shoot the deceased.

Appellant's defense was that of self-defense. There was testimony that deceased swung at appellant with a knife. Appellant maintained that he was in fear for his life and that he knew of no way to escape from deceased.

I

Michael McFry testified on behalf of appellant. He testified to the events preceding the shooting. On cross-examination he was asked some questions regarding the open knife which was found under deceased's body. He was then asked whether he had cut one Mr. Davis with a knife. The transcript reveals the following [R. pp. 208-209]:

"Q. Didn't you cut Mr. Davis, the man on the front row over here, with a knife very much like this?

"MR. NORTON: Your Honor, we object to that, that's improper as to what this man did with somebody else. He's trying—the witness on the witness stand is not the defendant in this case.

"THE COURT: Overrule the objection. Go ahead and answer the question then, Mr. McFry.

"A. Yes, sir, and he cut me too.

"Q. You cut him, didn't you?

"A. Yes, sir."

There is nothing in the transcript of the evidence to show that this cutting had anything to do with the incident at the cafe between the appellant and deceased.

■ Appellant maintains that the admission of such testimony was error and was prejudicial to him. A witness may be impeached by showing that he has previously been convicted of a crime involving moral turpitude. Section 434, Title 7, Code of Alabama 1940; Caldwell v. State, 282 Ala. 713, 213 So.2d 919 (1968); Craig v. State, 50 Ala.App. 618, 282 So.2d 59 (1973); and McElroy, The Law of Evidence in Ala-

bama, Section 145.01(1). Second Edition 1959.

However, a mere accusation of the commission of a crime involving moral turpitude is not admissible to impeach a witness' credibility. Horsley v. State, 19 Ala. App. 263, 96 So. 937 (1923); Rogers v. State, 34 Ala.App. 617, 42 So.2d 642 (1949); and Meador v. State, 37 Ala.App. 573, 72 So.2d 418 (1954). The record in the instant case does not reveal vel non the cutting to which reference was made resulted in a conviction of a crime involving moral turpitude.

A party against whom a witness is called may prove the witness bias against him or in favor of the party who called him. Sowell v. State, 30 Ala.App. 18, 199 So. 900 (1941).

In the instant case there is no showing that the man with whom the witness had a knife fight had any relationship to the deceased or to the appellant. Therefore, the testimony that the witness, McFry, cut a man named Mr. Davis is irrelevant to show bias on the part to the witness and is related to matters merely res inter alios acta. Ramsey v. State, 18 Ala. App. 448, 93 So. 39 (1922); Snoddy v. State, 20 Ala.App. 168, 101 So. 303 (1924); and Hicks v. State, 21 Ala.App. 335, 108 So. 612, cert. denied 214 Ala. 675, 108 So. 614 (1926).

A witness may not be impeached by extrinsic evidence for which no foundation is laid to show its relevancy. Cases herein cited.

The prejudicial effect of such testimony may not be doubted. For the error shown, the judgment of conviction is due to be reversed and the cause is hereby remanded.

Reversed and remanded.

All the Judges concur.