TYSON, Judge.
Eugene Fuller, alias Gene Fuller, was convicted of the offense of child molestation. The trial court set sentence at five years imprisonment in the penitentiary.
The incident giving rise to the instant case occurred during March of 1979. According to the testimony of the victim, a ten year old boy, he and Fuller, the appellant, were going down a “camp road” in Clarke County when the appellant asked him to unbutton his pants. The appellant thereafter fondled the young boy’s genitals while masturbating to the point of ejaculation.
Two other young men testified, over defense counsel’s objections, that the appellant had also fondled their genitals during March of 1979.
Also, one witness, Byrd Thompson, testified, over objection, that about a week prior to trial the appellant offered to pay him twenty dollars to bribe the young victims so that they would not testify against appellant at trial.
I
Appellant argues on appeal that the trial judge committed reversible error in allowing testimony into evidence of these separate offenses committed by the appellant. Appellant maintains first that the trial judge improperly allowed two young men to testify regarding appellant’s acts of sexual misconduct with them.
We view Whiddon v. State, 53 Ala.App. 280, 299 So.2d 326 (1973), as controlling on this issue and find no error in the trial court’s ruling in admitting this testimony as bearing on the appellant’s intent.
II
Appellant also insists that error occurred at trial by allowing the testimony of Byrd Thompson regarding appellant’s alleged attempt to bribe the witnesses. There is no merit in this argument.
As noted by Judge Bowen in Pope v. State, Ala.Cr.App., 365 So.2d 369, 373 (1978):
“Evidence tending to establish the guilt of the accused is not rendered incompetent because it may tend to show his guilt of another offense ... An accused’s acts, declarations and conduct against interest are always competent evidence . . . Any conduct or declaration of an accused having a relation to the offense charged, indicating a consciousness of guilt, is admissible as evidence against him.” (Citations omitted.)
There being no error established by the record in this case, such is due to be and is hereby
AFFIRMED.
All the Judges concur.