HUBERT TAYLOR, Judge.
The appellant was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975. Sentence was imprisonment for a term of ten *1327 years. Four issues are presented for our review.
Howell is charged with subjecting his seven-year-old daughter to sexual contact. During the course of the trial, his daughter testified that her father touched her between the legs and “played with her.”
I
The first issue is whether the trial court erred by allowing into evidence testimony concerning offenses not included in the indictment. The testimony tended to show that Howell had sexually abused the other children in his household.
It is clear from the record that Howell raised the issue of intent. The pertinent part of the record reads as follows:

Cross-Examination of Prosecutrix by the Honorable Steve Langham:

“Q. You testified earlier that your father touched you and you referred to it as playing with you.
“A. Yes.
“Q. When you were little did he ever give you a bath?
“A. I don’t know — I can’t remember.
“Q. Well, wasn’t there one period of time when you had some problems in the area between your legs, that you were sore and your father had to put medicine on you?
“A. No, but there was one time — I was about — I don’t remember how old I was, but I was taking a bath and when I got out I had powder on me. And he made me lie on the bed when he put it on me and he was playing with me.”
When intent is an issue, testimony concerning abuse of other children by an accused is admissible as bearing on that issue. Fuller v. State, 387 So.2d 256 (Ala.Cr.App. 1980); Whiddon v. State, 53 Ala.App. 280, 299 So.2d 326 (1973).
II
Howell next objects to the trial court’s having permitted into evidence opinion testimony from an expert witness concerning his mental condition as it existed some two months after the incident for which he was indicted. He asserted, as part of his defense, that he was suffering from a long existing unstable mental condition. The expert testified that Howell seemed normal during a counseling session that took place some two months after the incident in question.
In Odom v. State, 174 Ala. 4, 56 So. 913, 915 (1911), the supreme court said:
“Although the issue was specifically as to the mental condition of the defendant at the time of the homicide, the inquiry was not limited to that time alone.
“And it is a sound general rule that insanity at any particular time, if shown to be habitual and permanent in its nature, is prima facie presumed as a matter of law to exist at any future time; and alone from its existence at a later time a presumption of fact may arise of its existence at a given prior time.... ”
In the case sub judice, Howell contends that he is suffering from long term, habitual mental illness going back to his childhood. An opinion from an expert concerning his condition two months after the alleged crime would bear on the issue and is admissible.
Ill
Howell’s third argument is that a statement allegedly made by him was admitted without the proper predicate. During the course of the State’s direct examination of the prosecutrix, she testified that her father had “played with her” approximately twenty to thirty times. She was then asked what her father would say to her when he played with her. Defense counsel objected and asserted that the question had to be qualified as to time, place, and who was present. The objection was overruled and the prosecutrix answered that she was told not to tell anyone, not even her mother.
First it should be noted, as the State points out, that defense counsel could ascertain time, place and those present dur *1328 ing the conversation from the whole of the prosecutrix's responses. Additionally, the Alabama Supreme Court held in Wade v. State, 50 Ala. 164 (1874), that exceptions founded on the manner of an examination of a young prosecutrix could not be sustained. There the court said:
“Obviously, the examination of witnesses, on all trials, is for the purpose of eliciting the truth.... In attaining this end, a very large discretion must be allowed the presiding judge; and this the more particularly, where the witness is a mere child, and a female, under circumstances which are unaccustomed and greatly embarrassing to her.” 50 Ala. at 166.
Even if this had been error, which it was not, it would have been harmless error. The statement by Howell to his daughter, the prosecutrix, would have gone to the issue of intent. There was other overwhelming evidence on this issue. However, on the authority of Wade, supra, we hold that the manner of examination of a very young prosecutrix in rape or similar cases is left to the discretion of the trial judge and will not be cause for error unless there has been obvious abuse of that discretion which results in prejudice to the defendant.
IV
The final issue raised is that the trial court permitted into evidence irrelevant testimony designed to inflame the jury. This issue arose out of a response by Howell’s ex-wife to a question put to her by defense counsel. The pertinent part of the record reads as follows:

Cross Examination of Mrs. Shirley Thornton by the Honorable Steve Lang-ham:

“Q. Was it in that house that Paul attempted to commit suicide?
“A. If that is what you want to call it, yeh.
“Q. What would you call it?
“A. Well I don’t know. When I called the paramedics out there and they carried him to the hospital, it was superficial wounds. I mean, they said he didn't want to kill his self. If he had, he had guns there and he could have, you know.”
Upon redirect examination, the State asked Mrs. Thornton how many guns Howell owned. After defense counsel’s objection to the question was denied, she answered that he had one.
Defense counsel’s question asking “What would you call it?” was the type of question that would naturally elicit an explanation from a witness. The fact that the answer was not anticipated does not automatically make it non-responsive. Counsel could have asked that the answer be excluded. He did not. Although the relevancy of this testimony is questionable, it was harmless in light of the fact that the response to the State’s question was that he owned only one gun.
For the foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.