Appellant was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975, and was sentenced to three years in the penitentiary.
 I
Appellant first contends that the State failed to prove a prima facie case of sexual abuse in the first degree because (1) the record is devoid of any references to the touching of the victim's vagina, and (2) there was no evidence that appellant intended by his actions to gratify the sexual desire of either himself or the victim. These arguments are meritless when the facts are considered.
The victim, in the instant case, was a seven-year-old female, who, with her mother, lived next door to appellant's home. Appellant is sixty-five years old, and is a retired police sergeant with the Chickasaw Police Department. Appellant and his wife *Page 1077 
have two male children, ages one and five. The victim and appellant's oldest child had, in the past, played together.
The victim testified that when she was approximately five or six years old, she approached appellant to show him her "loose tooth." Appellant was sitting in his station wagon with the door open, and when she approached him, he rubbed his hands between her legs. The State used an anatomically correct doll, in which the victim pointed out the place "between her legs" where appellant rubbed her.
On a second occasion, the victim was playing with appellant's oldest son, and appellant placed both her and his son in a chair with him. Appellant started "rubbing" her in the same place. The victim got out of the chair, whereupon appellant told her to return to the chair. At this time the victim went home. On a third occasion, appellant told the victim to unzip his pants, but she refused and went home. The victim could not remember the exact dates these events occurred and did not immediately tell her mother because she was afraid.
The victim's mother testified that she learned of the three incidents in early February 1985. The victim related all three events on the same date. The victim's mother did not contact police authorities until April 1985.
Appellant testified in his own defense and denied ever touching the victim or any other child. Appellant stated that the victim had been to his home on only two occasions and that his wife was present both times. Appellant stated that the victim had never been closer to him than seven feet, and he at no time touched her or molested her.
Appellant's wife, Shelby Phillips, testified that the victim had been at their home on two occasions, and that she was present both times. She further testified that appellant did not touch the victim on either occasion. Mrs. Phillips testified that "bad blood" existed between her and the victim's mother because the victim's mother had "lit up a joint in my living room with my children present" at one time, and afterwards they were not on friendly terms.
Appellant was indicted and tried for the offense of sexual abuse in the first degree as defined by § 13A-6-66(a)(3), which states:
 "(a) A person commits the crime of sexual abuse in the first degree if:
". . .
 "(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old."
In order to establish a prima facie case, the State was not required to prove that appellant touched the victim's vagina. Rather the State was required to prove that appellant was sixteen years old or older; that the victim was less than twelve years old; and that appellant subjected the victim to sexual contact. Sexual contact is defined by § 13A-6-60(3), as:
 "Any touching of the sexual or other intimate parts of a person not married to the other, done for the purpose of gratifying the sexual desire of either party."
"Common use of the English language would indicate that the term 'intimate parts,' in the context of the statute, refers to any part of the body which a reasonable person would consider private with respect to touching by another." Parker v. State,406 So.2d 1036 (Ala.Cr.App. 1981), cited in Hutcherson v.State, 441 So.2d 1048 (Ala.Cr.App. 1983).
We are of the opinion that there was ample testimony from which the jury could have inferred that the touching was of an "intimate part" of the victim's body. The victim stated that he touched her at a point between her legs and indicated the location of this touching by use of a doll. Given the youthful age of the victim, we believe her testimony at trial, in conjunction with her use of the doll, was a proper basis for the jury to conclude that appellant touched an intimate part of her body.
The term "sexual contact" as defined by § 13A-6-60(3), requires that the touching be done for the purpose of gratifying the sexual desire of either party. Cofer v. State,440 So.2d 1121, 1124 (Ala. *Page 1078 
1983). "This intent may be inferred by the jury from the act itself." Id., citing Parker. If the jury believed the victim's testimony concerning the three events that transpired between her and appellant, then it could have inferred that appellant had the requisite intent and found him guilty of the offense.
 II
The State presented rebuttal evidence through the testimony of Sergeant Kathy Bankston of the Chickasaw Police Department, and Mr. James E. McHenry. Bankston testified that while appellant was a member of the Chickasaw Police force, he had come to work after having been drinking on at least twenty occasions. Bankston also testified that she had investigated two known reports of appellant allegedly "touching" two other children, ages five and twelve. She testified that these children lived in the same neighborhood as appellant and that appellant was in a vehicle at the time of the alleged incidents. Bankston stated that an incident report was made, by another officer, concerning the alleged touching of the five-year-old. No report was made concerning the twelve-year-old, although Bankston did talk to the child's mother about the incident. No facts were elicited as to what actually happened; however, the obvious implication is that appellant molested or attempted to molest the two children.
McHenry testified that he had had a conversation with his son, and that as a result of this conversation, he confronted appellant. He asked appellant why he was trying to pick up his (McHenry's) daughter, and appellant told him that he (appellant) did not know what he (McHenry) was talking about. McHenry threatened to call the police and appellant stated that it did not matter because he was a retired policeman and "they're not going to do anything to me." The obvious implication of this testimony is that McHenry's son saw appellant attempt to "pick up" his daughter.
We note that, although proper objections were not made to all the testimony concerning collateral bad acts, sufficient objections and rulings were made to preserve the issue for our review. Upon our review, we hold that the testimony of Bankston and McHenry set out above was inadmissible and the erroneous admission of the testimony of either is a proper ground for reversal.
The only issue in this regard addressed by the Attorney General, in brief, is the admissibility of Bankston's testimony concerning the reports of appellant's alleged touching of two other neighborhood children. It is argued that the testimony of these prior bad acts is admissible to prove the issue of intent.
As a general rule, the introduction of prior bad acts is not admissible if the only probative function of the evidence is to show the defendant's bad character, inclination, or propensity to commit the type crime for which he is now charged.Cotton v. State, 481 So.2d 413, 416 (Ala.Cr.App. 1985). However, this general rule is subject to several well-established exceptions. Pack v. State, 461 So.2d 910,913-14 (Ala.Cr.App. 1984), and cases cited therein; Jones v.State, 460 So.2d 1384, 1388 (Ala.Cr.App. 1984), and cases cited therein. "Evidence of other crimes may be admitted in the trial of the now-charged crime when it is relevant to the now-charged crime and tends to prove an element of the now-charged crime which is at issue." Popwell v. State, 480 So.2d 41, 43
(Ala.Cr.App. 1985). "When intent is at issue, testimony concerning abuse of other children by an accused is admissible as bearing on that issue." Howell v. State, 443 So.2d 1326,1327 (Ala.Cr.App. 1983).
The Attorney General argues that the admission of Bankston's testimony was proper as relevant to the issue of intent, citingHowell and Cofer v. State, 440 So.2d 1116 (Ala.Cr.App. 1983). However, our opinion in Cofer was reversed by the Alabama Supreme Court in Ex parte Cofer, 440 So.2d 1121 (Ala. 1983). InCofer, the appellant's defense consisted of a complete denial of the events as related by the prosecutrix. 440 So.2d at 1119. This court held that under those facts, intent was at issue *Page 1079 
and evidence of a prior rape committed by the defendant was admissible. 440 So.2d at 1118. Our supreme court, in reversing this court, concluded that there was "no real and open issue about his intent, and the evidence of the prior rape was erroneously allowed to prove Cofer's intent." 440 So.2d at 1124. Intent could be inferred by the jury from the act itself.Id.
In the instant case, there was no issue as to appellant's intent. Appellant completely denied the facts as related by the prosecutrix, and did not otherwise place intent at issue. We have already held, in this case, that if the jury believed the victim's testimony, appellant's intent was properly inferred from the act itself. The contested evidence would not have been admissible to prove intent. McHenry's testimony would also have been inadmissible on the issue of intent for the reasons stated above.
Furthermore, we are of the opinion that the testimony elicited from McHenry and Bankston did not constitute proper evidence of other bad acts, but was rather innuendo based on inadmissible hearsay. The obvious implication of this testimony was that appellant had molested or attempted to molest at least three other children on prior occasions. Whether or not appellant engaged in these prior bad acts is not supported by competent evidence presented at trial and amounts to pure speculation and conjecture by the witnesses. The testimony of McHenry and Bankston is so speculative that it is not competent to prove collateral bad acts and should not have been admitted into evidence. "Witnesses, certainly non-expert witnesses, must testify to facts, not conclusions, inferences or opinions."Allen v. State, 55 Ala. App. 549, 555, 317 So.2d 517, 522
(1975).
Thus, we conclude that the evidence of prior bad acts committed by appellant was inadmissible in this case to prove intent, even if the alleged bad acts had been by competent evidence, which they were not. The erroneous admission of this evidence, over objection of appellant, was highly damaging and prejudicial to his case.
In view of our holding, above, we find it unnecessary to address the remaining issues raised by appellant in brief. However, while it is not necessary for us to pass upon the question of whether the court erred in admitting the testimony of appellant's drinking prior to reporting to work as a policeman, we note that this testimony was not material to any issue in this case. "A witness may not be impeached by extrinsic evidence for which no foundation is laid to show its relevancy." Rogers v. State, 54 Ala. App. 13, 15, 304 So.2d 255,256 (1974).
Based on the foregoing, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.