Therman Nails was indicted for unlawfully entering or remaining in the home of B.G. with the intent to commit sexual abuse, in violation of § 13A-7-6, Code of Alabama 1975. The appellant was found "guilty as charged in the indictment" and was sentenced to 15 years in prison pursuant to the Habitual Felony Offender Act.
 I
The appellant argues separately in brief (1) that the State failed to prove a prima facie case and (2) that the evidence was insufficient to sustain the conviction. The appellant bases these arguments on the following contentions: (1) the State failed to show sexual contact, (2) there was no evidence that the appellant acted with the intention to gratify himself or the victim and, (3) there was no evidence of forcible compulsion. We will address the appellant's separate arguments together since they are based on the same three contentions.
The record indicates that on September 29, 1987, at approximately midnight, B.G.'s 13-year-old daughter, M.R., alerted her that someone was trying to break into their apartment. B.G. went to the front door and heard someone chipping at it. She testified that she immediately called the police and went into a bedroom with her daughter. Her other four children were asleep in the living room. B.G. testified that she saw the appellant in the house and told her daughter to lie in bed and pretend they were asleep. She stated that she was "very scared". (R. 16). B.G. testified that, after walking through the apartment, the appellant came into the bedroom and started rubbing the middle part of her leg. The appellant pulled her legs apart. B.G. testified *Page 574 
that the appellant repeatedly asked her daughter to leave the room. The appellant eventually left the room and went into the bathroom. By the time he came out of the bathroom, the police had already arrived.
M.R. testified that, after the appellant came into the bedroom, he touched her and asked her to go to another room. She further stated that her mother was holding her foot very tightly so that she would not leave. M.R. also testified that she did not see the appellant touch her mother because she was pretending to be asleep.
Officer Richard Miller and Sergeant Annetta Nunn of the Birmingham Police Department both testified that B.G. did not tell them about the touching incident when they investigated the burglary early that morning.
 (A)
Sexual abuse in the first degree is defined by §13A-6-66(a)(1), Code of Alabama 1975, which states that "[a] person commits the crime of sexual abuse in the first degree if he subjects another to sexual contact by forcible compulsion." Sexual conduct is defined as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Ala. Code § 13A-6-60(3) (1975). Forcible compulsion is defined as "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." Ala. Code § 13A-6-60(8) (1975). This Court will address each of these elements, however, it is not required that the intended act ever be consummated to sustain a conviction for burglary. Smith v. State, 492 So.2d 638
(Ala.Crim.App. 1986); Rowell v. State, 447 So.2d 193
(Ala.Crim.App. 1983), cert. quashed, 447 So.2d 196 (Ala. 1984).
The appellant argues that the State failed to prove an intimate touching. "Common use of the English language would indicate that the term 'intimate parts,' in the context of the statute, refers to any part of the body which a reasonable person would consider private with respect to touching by another." Parker v. State, 406 So.2d 1036, 1036
(Ala.Crim.App.), cert. denied, 406 So.2d 1041 (Ala. 1981). The victim testified that the appellant touched the middle part of her leg and pulled her legs apart. We find that there was sufficient evidence that the appellant touched an intimate part of the victim's body. See Phillips v. State, 505 So.2d 1075
(Ala.Crim.App. 1986); Parker.
 (B)
The appellant also contends that there was no evidence that the act was done for the purpose of sexual gratification. Such intent, however, may be inferred from the act itself.Phillips. We find that there was sufficient evidence from which the jury could infer the requisite intent.
 (C)
Finally, the appellant contends that there was no evidence of forcible compulsion. The record indicates that the appellant and her daughter pretended to be asleep because they hoped that he would leave. The victim was very frightened. The appellant touched the victim's daughter and asked her to leave the room. The victim held her daughter's foot very tightly so she would not leave. The appellant tried to pull the victim's legs apart. This was sufficient evidence from which the jury could find forcible compulsion. The evidence supports the inference that the victim was placed in fear of serious physical injury to herself or another.
 "As a threshold consideration, this court is required to view the evidence in a light most favorable to the prosecution. Gullatt v. State, 409 So.2d 466 (Ala.Crim.App. 1981); Smelcher v. State, 385 So.2d 653 (Ala.Crim.App. 1980). Where the evidence raises a question of fact which, if believed by the jury would be sufficient to sustain the conviction, the denial of a motion for acquittal or new trial will not be considered error. Young v. State, 283 Ala. 676, 220 So.2d 843
(1969); Baker v. State, 338 So.2d 528
(Ala.Crim.App. 1976). Any conflict in the evidence *Page 575 
presents a question for the jury. Hughes v. State, supra [412 So.2d 296 (Ala.Cr.App. 1982)]; Minnifield v. State, 406 So.2d 1055
(Ala.Crim.App.), cert. denied, Ex Parte Minnifield, 406 So.2d 1060 (Ala. 1981)."
Parrish v. State, 494 So.2d 705, 709 (Ala.Crim.App. 1985).See also LaBarber v. State, 455 So.2d 941 (Ala.Crim.App. 1984). "The function of this Court is not to determine whether the evidence is believable beyond a reasonable doubt, but to decide whether there is legal evidence from which a jury could by fair inference find the defendant guilty." Pennington v.State, 421 So.2d 1361, 1362-63 (Ala.Crim.App. 1982).
Based on the above well-settled principles, we find there is sufficient evidence to sustain the conviction of burglary with the intent to commit sexual abuse and that the trial court properly denied the appellant's motion for judgment of acquittal.
 II
The appellant contends that the trial court erred in failing to charge the jury on consent or the lack thereof as defined in § 13A-6-70, Code of Alabama 1975. In Richardson v. State,456 So.2d 1152 (Ala.Crim.App. 1984), this Court held that consent is not a defense to burglary with intent to ravish because the criminal offense is complete as soon as the premises are broken into and entered with the requisite intent. The same rationale applies in this case. Since it is not required that the intended act be consummated to sustain a conviction for burglary, the issue of consent or lack thereof is irrelevant.See Rowell. Therefore, the trial court did not err in refusing to charge the jury on consent or lack of consent.
For the reasons stated above, this case is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.